Stephanie A. WALKER, Appellant,

v.

L. Dean BOUNDS, Appellee.

No. 858.

Court of Civil Appeals of Texas,
Corpus Christi.

May 31, 1974.

Carl C. Chase, Jr., Utter & Chase, Corpus Christi, for appellant.

J. M. Burnett, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

Stephanie Walker sued L. Dean Bounds for damages arising out of a collision between an automobile and a truck. The automobile was driven by the defendant Bounds in which the plaintiff Mrs. Walker was riding as an occupant. The case was tried to a jury which found that the defendant was not negligent in any respect alleged and that plaintiff was riding as a guest. The trial court entered judgment for the defendant.

In the latter part of December of 1971 the plaintiff's parents purchased a home in Austin, Texas, so that plaintiff's brother Robert Graham would have a place to live while attending school. Originally, it was the plan that Robert Graham and the defendant Dean Bounds and Robert's younger brother, Steven, would live in the house. Steven had medical problems that made it impossible for him to live with the other two young men. The plaintiff and her husband decided that they would like to live in Austin, so Robert, after conferring with the defendant, agreed. An arrangement was made that plaintiff and her husband would stay in the house rent free and that Robert would buy all the food and other necessities for them, but not for the defendant. The plaintiff's husband, her brother, and the defendant were attending the University of Texas.

The arrangement insofar as the defendant was concerned was that he agreed to pay $80.00 a month rent and his share of the utilities and telephone for an unfurnished room in the house. He was to have the use of the other parts of the house including the living room, bathroom, and kitchen. The arrangements were worked out between plaintiff's brother Robert, their parents and the defendant. The defendant paid his rent to plaintiff's brother Robert. All of the members of the household ate out quite a bit. There was a discussion between the defendant and plaintiff's brother as to whether a "kitty" or funds should be put up for food and meals. The defendant decided against the "kitty" method but decided to furnish a fair share of the food and to take care of what he ate. The defendant estimated that he ate less than 50% of the time at the house.

Some of the cooking and housecleaning was done by the plaintiff.

On the day in which the accident took place the plaintiff was cooking chili with venison meat brought to the house by the defendant. The occupants of the house all agreed that they had to have some beans to go with the chili in order to complete the meal. The defendant volunteered to take the plaintiff to the store to purchase some beans. The plaintiff used a check her brother had given her to purchase the beans. The defendant drove the plaintiff to the store. After they had purchased the beans for the chili, the defendant started back towards the house with the plaintiff. It was raining very hard. The defendant testified that he was on a street with a stop sign governing traffic at the intersection. The defendant stopped at the stop sign and pulled on out into the intersection to a point approximately halfway across the intersection when a truck collided with his car severely injuring the plaintiff.

The jury found that the plaintiff was riding as a guest of the defendant; that the defendant did not fail to keep a proper lookout; and that the failure of the defendant to yield the right of way to the truck was not negligence. The jury found damages for the necessary medical and hospital care, but answered "none" to the issues of future medical, physical pain in the past and in the future.

■ Appellant's first point of error is that there was no evidence of a host-guest relationship between the plaintiff and the defendant at the time of the occurrence. The question of no evidence is one of law, and our review requires us to consider only the evidence and the inferences favorable to the questioned jury finding and to disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965). The plaintiff does not have a point of error on the factual insufficiency of the jury's answer to this issue.

■ At the outset we must point out that an occupant that asserts ordinary negligence against the owner or driver of the car in which he was riding has the burden of proving that he was not a guest. Autry v. Spiering, 407 S.W.2d 826 (Tex.Civ.App. —Corpus Christi 1966, n. r. e.).

■ The defendant owned the automobile. He volunteered to take plaintiff to the store. Although there was ample evidence of a business relationship concerning the defendant's occupancy of the house, this relationship did not extend to the defendant's act in offering to take the plaintiff to the store. Generally speaking, a guest under the guest statute[1] may be defined as the recipient of the voluntary hospitality of the driver or owner. Not every benefit received whether it be tangible or intangible, is sufficient to constitute payment within the meaning of the guest statute. Legislature has clearly provided under the old law that in order to come under the provisions of the guest statute, two essential elements must be present. First, the person must be a "guest" and second that such person must be a "guest without payment". The word guest is one whom the owner or possessor of a motor vehicle invites or permits the occupant to ride with him as a gratuity. Payment would involve a definite tangible benefit to the operator. Satterfield v. Satterfield, 448 S.W.2d 456 (Tex.Sup.1969).

■ It was undisputed that there was no money contributed by the defendant. The defendant's payment of monthly rent did not extend over and compensate him for furnishing his vehicle to take the plaintiff to the store on the occasion in question. The evidence suggests rather strongly that the defendant transported the plaintiff to the store primarily as an accommo-

1. The accident happened on May 2, 1972, prior to the effective date of the amendment of Article 6701b effective September 1, 1973.

Therefore, this decision is covered under Article 6701b as it exists at the date of the accident.

dation. The defendant's act in volunteering to drive his vehicle to the store was a matter of convenience for the parties concerned. The evidence does not reflect that the gratuity which the defendant offered was with any expectation of compensation. Compensation as envisioned by the law under the guest statute is something more than a mere favor. The nature of the benefit or the advantage derived must be material and tangible and must flow from and depend on the transportation provided. It must be of a material benefit to the defendant driver. Here any benefit this defendant received was too uncertain, too remote, and to speculative to be sufficiently definite and tangible to amount to payment as envisioned by the law. Art. 6701b, Vernon's Ann.Civ.St. Appellant's point is overruled.

■ Appellant's second point of error complains of the form of the submission of the special guest issue. This point is overruled. The plaintiff filed a supplemental transcript just prior to submission of the case in which she brings forward her objections to the court's charge. Although the objections indicate that they had been timely dictated to the court reporter with agreement of counsel and by permission of the court, they were not subsequently transcribed and filed with the court's ruling and official signature in time to be included with the original transcript. We hold that the failure of the plaintiff to obtain the trial court's endorsement on the objections to the court's charge as required by Rule 272, Texas Rules of Civil Procedure does not preserve the objections for appellate review. Long v. Smith, 466 S.W.2d 32 (Tex.Civ.App.—Corpus Christi 1971, n. r. e.); Blackmon & Associates, Inc. v. Palmer Bldg. Sup. & Spec., Inc., 463 S.W.2d 228 (Tex.Civ.App.—Corpus Christi 1971, n. r. e.). Our decision on these first two points of error is decisive of the appeal since the plaintiff was a guest in defendant's automobile Art. 6701b, V.A.C.S. However, we will consider appellant's other points.

■ Appellant's third and fourth points of error complain of the jury's answers to the lookout and failure to yield the right of way as being against the great weight and overwhelming preponderance of the evidence. These points, if decisive, require us to weigh all of the evidence presented by the record, including evidence which tends to prove the existence of the vital facts as well as evidence which tends to disprove their existence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), Southern Pacific Company v. Stanley, 473 S.W.2d 52 (Tex.Civ.App.—Corpus Christi 1971, n. r. e.). We balance substantial evidence that supports the finding of the jury against substantial evidence that is against the findings and determine whether the great weight and preponderance of the evidence is in favor or against such findings. Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958); Gonzalez v. Layton, 429 S.W.2d 215 (Tex.Civ.App.—Corpus Christi 1968, n. w. h.); Lofton v. Norman 508 S.W.2d 915 (Tex.Civ.App.—Corpus Christi 1974). Having reviewed all of the evidence and the reasonable inferences therefrom it is our opinion that there is sufficient evidence to support the jury findings and that their answers are not contrary to the great weight and preponderance of the evidence.

Appellant's fifth and sixth points complain of the jury's answers to the damage issues as being against the great weight and preponderance of the evidence. In view of the findings of the jury on the liability issues all of which have been resolved against the plaintiff, the damage issues become moot. Pederson v. Scott, 366 S.W.2d 260 (Tex.Civ.App.—Fort Worth 1963, n. r. e.); Shaw v. Null, 397 S.W.2d 523 (Tex. Civ.App.—Fort Worth 1965).

Judgment of the trial court is affirmed.