**The CITY OF AUSTIN et al., Petitioners,**

v.

**Carol Marie COOKSEY et al., Respondents.**

**No. B-7462.**

Supreme Court of Texas.

July 12, 1978.

Rehearing Denied Oct. 4, 1978.

---

Jerry L. Harris, City Atty., Karen Parker, Asst. City Atty., Flahive & Ogden, Jack W. Latson, John L. Hill, Atty. Gen., Sam L. Jones, Jr., Asst. Atty. Gen., Clark, Thomas, Winters & Shapiro, Joan Burkin and Barry Bishop, Austin, for petitioners.

Krist, Gunn & Weller, Ronald D. Krist, Houston, for respondents.

PER CURIAM.

This is a wrongful death case. Carol Marie Cooksey, Pamela Kay Cooksey, Kimberly Dawn Cooksey, and Clara B. Cooksey, the widow, children, and mother of deceased, Michael Cooksey, and intervenor, St. Paul Insurance Company, recovered judgment against the State of Texas, City of Austin, and Hensel Phelps, Inc. Our disposition of the case does not require a recitation of the facts which is found in the opinion of the court of civil appeals. 561 S.W.2d 874.

We agree with the court of civil appeals that there is evidence to support the judgment of liability against the City and State. With the exception of two points discussed below, we find no reversible error presented in the four applications filed herein. However, because the judgments of the court of civil appeals and the trial court are contrary to statutory requirements concerning limits of liability and contribution, we grant the applications of the State of Texas and Hensel Phelps, Inc. pursuant to Tex.R.Civ.Proc. 483 for the sole purpose of reformation of the judgments to comply with the statutes.

The court of civil appeals does not write on the point raised by the State regarding its liability limits which are set by Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19. That Article provides:

"Sec. 3 . . . Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $10,000 for any single occurrence for injury to or destruction of property."

Prior to this Act there could be no liability at all for torts committed by a governmental unit. Therefore, the limits of liability set by the Act must be accepted along with the benefits of the Act. When one person is injured or killed, and one plaintiff brings suit, the applicable limit of liability is $100,000. *State Highway Depart. v. Pinner*, 531 S.W.2d 851 (Tex.Civ. App.—Beaumont 1975, no writ). That limit should not change simply because the de-

ceased is survived by two or more statutory beneficiaries under the wrongful death statute.

■ The controversy here centers around whether the term "per person" in the statute refers to the person injured or those persons who suffer a loss as a result of an injury to someone else. We think the clear meaning of the statute is that it refers to the person or persons who sustain injury. Similar provisions are often found in liability insurance policies. The insurance cases uniformly hold that the terms "per person" or "each person" or the like refer to the person injured. *Williams v. Standard Acc. Ins. Co. of Detroit, Mich.*, 188 F.2d 206 (5th Cir. 1951); *Valdez v. Interinsurance Exchange of Automobile Club of Southern California*, 246 Cal.App.2d 1, 54 Cal.Rptr. 906 (Dist.Ct.App.) 1966; Appleman, *Insurance Law and Practice*, § 4891 (1942); Annot., 13 A.L.R.3d (1967). This is especially true in cases in which the words of limitation refer to "bodily injury" as they do in the Texas Tort Claims Act. In the *Valdez* case it is pointed out that to construe "per person" to mean "per claimant" would mean that a sole surviving heir would be limited to the same recovery when he suffered loss from the death of two or more persons in the same accident as when he suffered loss from the death of only one person.

We hold that the State's liability is limited to $100,000 as a result of the wrongful death of Michael Cooksey. The amount is to be apportioned according to the proportionate share of each claimant to the total amount awarded to all claimants against the State. Annot., 70 A.L.R.2d 416, 418 (1960).

■ It is not questioned here that the City is not directly liable to the adult respondents because notice of the claim was not given as required by the City charter. We therefore agree with the court of civil appeals that Hensel Phelps, Inc. is not entitled to contribution from the City of Austin for damages awarded to the adult respondents. However, under those circumstances, the contribution awarded between the remaining tort-feasors, the State and Hensel Phelps, Inc., should have been adjusted according to terms of Article 2212a, § 2(b), Tex.Rev.Civ.Stat.Ann., so that the "contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant."

Since the errors discussed above involve mathematical calculations only, we would ordinarily render a judgment which complies with the statutory requirements. However, even though no complaint is made, counsel for Hensel Phelps, Inc. points out by footnote that the judgment of the trial court contains a typographical error "through over reliance upon a modern, computerized typewriter and hasty proofreading." We agree there are apparent clerical errors in the judgment with regard to contribution. For example, the figures used in the provisions dealing with Kimberly Dawn Cooksey appear to be the figures which should be associated with Clara B. Cooksey. Also, the contribution between the State and City with regard to the award to Carol Marie Cooksey is set out twice using different figures each time.

Because of these apparent clerical errors, we deem it expedient to remand this cause to the trial court for the purpose of entering a corrected judgment in accordance with our instruction.

The judgment of the court of civil appeals is reversed and the cause is remanded to the trial court for the entry of a corrected judgment in accordance with the terms of this opinion.