HARRIS COUNTY, Texas, Appellant,

v.

Georgina Conti WHITE, Individually and as Administratrix of the Estate of Dolores Conti, Lisa M. Conti, and Raymond G. Conti, Appellees.

No. 6–91–040–CV.

Court of Appeals of Texas, Texarkana.

Jan. 14, 1992.

Rehearing Denied Feb. 11, 1992.

Frank E. Sanders, Asst. County Atty., Harris County, Houston, for appellant.

Frederick P. Forlano, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

In this wrongful death action, the principal questions are whether, under the Texas Tort Claims Act, Harris County's liability is limited to $100,000.00 when only one person was killed as a result of its negligence but multiple beneficiaries suffered loss because of the death, and whether the county's liability should be further reduced by the amount of medical expenses it paid for treatment of the victim before she died. In the peculiar circumstances of this case, we answer the first question in the affirmative and the second in the negative.

Dolores Conti died when a Harris County sheriff's department van carrying her from the Harris County jail to the Texas Department of Corrections blew a tire and overturned near Cameron, Texas, in July of 1985. Conti's estate and her husband and two daughters (Contis) brought suit against Harris County under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.002, et seq. (Vernon 1986 & Supp.1992), and the wrongful death statute, TEX.CIV.PRAC. & REM.CODE ANN. § 71.-002, et seq. (Vernon 1986). They also alleged a cause of action under 42 U.S.C.A. § 1983 (West 1981). Their suit was consolidated with the suits of other passengers not parties to this appeal.

The parties stipulated that Harris County employees were 100% negligent in the accident and that the county paid over $181,-000.00 for the medical care and treatment of Dolores Conti before she died. After a trial on damages only, the jury returned a verdict for a total of $420,000.00. The court reduced the awards to individual plaintiffs to not more than $100,000.00 each. The final judgment totaled $270,-000.00. The court struck the Contis' claims for damages for violations of 42 U.S.C.A. § 1983.

## LIABILITY LIMIT

The Texas Tort Claims Act limits a county's liability for damages for bodily

injury or death to $100,000.00 for each person and $300,000.00 for each occurrence. The limitation provision reads as follows:

> Except as provided by Subsection (c), liability of a unit of local government under this chapter is limited to money damages in a maximum amount of $100,000 for each person and $300,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.023(b) (Vernon Supp.1992). The county contends that the phrase "each person" refers only to the person who is physically injured or killed, and that since the Contis all claim loss because of the death of one person, their recovery is limited to an aggregate of $100,000.00.

The Contis argue that since they each suffered losses because of Dolores Conti's death, such as mental anguish, emotional distress, and loss of consortium and services, they are persons injured within the meaning of the statute and each is entitled to damages up to $100,000.00, for a total recovery not to exceed $300,000.00.

The rule is stated in *City of Austin v. Cooksey*, 570 S.W.2d 386 (Tex.1978),[1] where the Texas Supreme Court construed a nearly identical provision of an earlier version of the Texas Tort Claims Act and held that the State's liability was limited to $100,000.00, apportioned among the claimants pro rata. *City of Austin v. Cooksey*, 570 S.W.2d at 388. The issue in *Cooksey* was whether the term "per person" in the statute referred to the person injured or those persons who suffered a loss as a result of an injury to someone else. The court saw the clear meaning of the statute as referring to the person or persons who sustained the bodily injury. *City of Austin v. Cooksey*, 570 S.W.2d at 388. The court reasoned that because liability was limited to $100,000.00 when one person is injured and one plaintiff brought suit, there was no reason that the limit should change simply because there are two or more statutory beneficiaries under the wrongful death statute. *City of Austin v. Cooksey*, 570 S.W.2d at 387–88. The court pointed out that construing "per person" to mean "per claimant" would limit a sole surviving heir to the same recovery, whether he suffered a loss from the death of one, two or more persons in the same accident. *City of Austin v. Cooksey*, 570 S.W.2d at 387; *see also Williams v. Standard Acc. Ins. Co. of Detroit, Mich.*, 188 F.2d 206 (5th Cir.1951); *McGovern v. Williams*, 741 S.W.2d 373 (Tex.1987); *Madisonville Independent School Dist. v. Kyle*, 658 S.W.2d 149 (Tex.1983).

The Contis argue that *Cooksey* is distinguished because the court did not hold that the injury to the person had to result in death, bodily injury, or physical pain, nor did it hold that mental anguish, emotional distress, loss of consortium, or loss of household services were not compensable injuries under the Texas Tort Claims Act. The gist of this argument is that the Contis suffered *individual injuries*, rather than *derivative losses*, because of Dolores Conti's death. This contention is unsound.

The Contis cite *City of Denton v. Page*, 683 S.W.2d 180 (Tex.App.–Fort Worth 1985), *rev'd on other grounds*, *City of Denton v. Van Page*, 701 S.W.2d 831 (Tex. 1986), as support for their contention that each suffered an individual injury and each may recover up to the $100,000.00 limit. It is true that the Court of Appeals in *Page* distinguished *Cooksey* on the grounds that in *Cooksey* the plaintiffs' claims were based on the wrongful death of the deceased and not on separate injuries suffered by the plaintiffs. *City of Denton v. Page*, 683 S.W.2d at 205–06. Nevertheless, in this case, the Contis' pleadings show that they base their claims on losses they sustained because of the wrongful death of Dolores Conti. Furthermore, *Page* was reversed, making its precedential value suspect, particularly considering the Supreme Court's express refusal to consider other

---

1. Although *Cooksey* construed an earlier version of the Texas Tort Claims Act, the Supreme Court has noted that any difference between the act as construed in *Cooksey* and that now in effect are nonsubstantive. *City of Denton v. Van Page*, 701 S.W.2d 831, 832 n. 1 (Tex.1986); *see also Whipple v. Deltscheff*, 731 S.W.2d 700, 704 (Tex.App.–Houston [14th Dist.] 1987, writ ref'd n.r.e.).

points of error in light of its reversal. *City of Denton v. Van Page*, 701 S.W.2d at 835.

As stated by Professor Prosser,

The wrongful death action for the benefit of survivors is, like other actions based on injuries to others, derivative in nature, arising out of and dependent upon the wrong done to the injured person....

PROSSER AND KEETON ON THE LAW OF TORTS § 127, at 955 (W. Keeton 5th ed.1984); *see also* 77 TEX.JUR.3D *Wrongful Death* § 7 (1991).

Generally, mental anguish resulting from the loss of a loved one is not the basis for a separate cause of action, but is merely an element of damage flowing from the death, and is derivative. *See Moore v. Lillebo*, 722 S.W.2d 683 (Tex.1986); *Bennight v. Western Auto Supply Co.*, 670 S.W.2d 373 (Tex.App.–Austin 1984, writ ref'd n.r.e.); 28 TEX.JUR.3D *Damages* § 142 (1983); O'Quinn, *Common Elements of Recovery in Personal Injury Cases*, 18 S.TEX.L.J. 179, 192–203 (1977); 4 J. EDGAR & J. SALES, TEXAS TORTS AND REMEDIES § 82.02 (1991). An exception applies where a person qualifies for recovery as a bystander, as when he witnesses the injury or death of a loved one and thus suffers his own, personal injury in the form of shock and mental anguish. In that case, his injury is not derivative but direct, and he may qualify as an injured person within the meaning of the Tort Claims Act. *City of Austin v. Davis*, 693 S.W.2d 31 (Tex.App.–Austin 1985, writ ref'd n.r.e.). The Contis do not fit in that category, however. To qualify for bystander recovery, the claimant must have witnessed or contemporaneously perceived the accident and injury, as distinguished from learning about it from others after it occurred. *Landreth v. Reed*, 570 S.W.2d 486 (Tex.Civ.App.–Texarkana 1978, no writ).

Loss of services and consortium resulting from the death of a loved one are also derivative, flowing from the other person's death rather than from a direct injury to the claimant.

Thus, the Contis' claims for mental anguish, emotional distress, and loss of services and consortium are all derivative of the death of Dolores Conti, and she was the only person injured within the meaning of the Tort Claims Act.

The jury awarded the estate of Dolores Conti $150,000.00, Raymond G. Conti $35,000.00, Lisa M. Conti $200,000.00, and Georgina Conti White $35,000.00. Therefore, the proportionate amount of each award is as follows:

The estate of Dolores Conti
$150,000 ÷ $420,000 × $100,000 = $35,714.28

Raymond G. Conti
$35,000 ÷ $420,000 × $100,000 = $ 8,333.34

Lisa Conti
$200,000 ÷ $420,000 × $100,000 = $47,619.04

Georgina Conti White
$35,000 ÷ $420,000 × $100,000 = $ 8,333.34

## OFFSET

■ The county also contends that since it paid more than $100,000.00 in medical bills for Dolores Conti, its liability is extinguished.

TEX.REV.CIV.STAT.ANN. art. 4675, now TEX. CIV.PRAC. & REM.CODE ANN. § 71.011 (Vernon 1986), prohibits offsetting the debts of the deceased against wrongful death recoveries. Consequently, it would not be proper to offset sums for which Dolores Conti may have been liable against the wrongful death recoveries of the other Contis. *See Tarrant County Hospital Dist. v. Jones*, 664 S.W.2d 191 (Tex.App.–Fort Worth 1984, no writ).

■ This statute, however, does not by its terms apply to survival actions; therefore, the award to the *estate* of Dolores Conti, in a survival action, could be subject to the medical expenses paid by the county. If it were, the award to the estate of Dolores Conti would be offset completely, since it is well below the amount the county paid for her medical expenses. However, there is a question in this case whether even Dolores Conti would have been responsible for those medical bills.

A statute was in effect at the time of this accident that made each county liable for the expenses incurred on account of keeping prisoners confined in jail or under guard.[2] TEX.CODE CRIM.PROC.ANN. art. 1037, now TEX.CODE CRIM.PROC.ANN. art. 104.002(a) (Vernon Supp.1992); *see also Wichita County v. Vance,* 217 S.W.2d 702, 703 (Tex.Civ.App.–Fort Worth 1949, writ ref'd n.r.e.). Neither party cites cases applying this law in a similar fact situation, nor has this Court found any. The attorney general has considered counties' liability for prisoners in at least three opinions, *see* Op.Tex.Att'y Gen. No. JM–743 (1987); Op.Tex.Att'y Gen. No. 730 (1987); Op.Tex. Att'y Gen. No. JM–487 (1986), but none of them directly addresses the issue before us.

In our judgment, the case here fits within the clear terms of the statute. Although Dolores Conti was not confined in the county jail, she was being kept under guard in a sheriff's van. Since she was in custody and under control of the county sheriff at the time of the accident, the county is liable for her medical expenses. *See* TEX.CODE CRIM.PROC.ANN. art. 1037, now TEX.CODE CRIM.PROC.ANN. § 104.002 (Vernon Supp. 1992).

*United States v. Gray,* 199 F.2d 239 (10th Cir.1952), is a federal tort claims case analogous to this case. In her federal tort claims suit, Gray was not awarded the value of hospital services provided her by the government, but the government sought to reduce the damages award by the value of those services. *United States v. Gray,* 199 F.2d at 244. The government was liable for the expenses under legislation distinct from the Federal Tort Claims Act. The court refused to allow the value of the hospital care to be offset against damages allowed by the Tort Claims Act because of this statutory liability. *United States v. Gray,* 199 F.2d at 243–44.

Like *Gray,* neither the estate's nor the Contis' judgment included amounts for the medical bills paid by Harris County. The county is liable for medical expenses of those in its custody under legislation separate from the Texas Tort Claims Act. Thus, we hold that the county is not entitled to offset payments for Dolores Conti's medical expenses against the Contis' wrongful death recovery.

■ The county contends that TEX.CIV. PRAC. & REM.CODE ANN. § 72.004 (Vernon 1986),[3] requires that the medical bills it paid for Dolores Conti be offset against the Contis' recovery. This statute by its terms authorizes such an offset against awards made to a "guest."

> A guest ... is one who is invited to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or for business without making any return or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company.

*Perry v. Harrod,* 451 S.W.2d 821 (Tex.Civ. App.–Amarillo 1970, writ ref'd n.r.e.); *see also Walker v. Bounds,* 510 S.W.2d 392, 394 (Tex.Civ.App.–Corpus Christi 1974, no writ). We cannot conclude that Dolores Conti, a prisoner being transported to state prison by the sheriff's department, fits within this definition of a guest. First, she was required, rather than invited, to ride in the van. Second, her trip cannot be charac-

---

**2.** TEX.CODE CRIM.PROC.ANN. art. 1037 states:

> Each county shall be liable for all expense incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or on habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping.

The statute now provides that the county may recover medical expenses from a prisoner if such expenses were incurred on the prisoner's behalf. *See* TEX.CODE CRIM.PROC.ANN. art. 104.-002(d) (Vernon Supp.1992).

**3.** TEX.CIV.PRAC. & REM.CODE ANN. § 72.004 (Vernon 1986) provides:

> (a) The owner or operator or his liability insurance carrier is entitled to an offset against any award made to the guest on a liability claim in an amount equal to the amount paid by the owner, operator, or insurance carrier for medical expenses of the guest.
> (b) This section does not authorize a direct action against a liability insurance carrier.

terized as being for pleasure or business. Further, Harris County can hardly contend that Dolores Conti's company conferred any benefit on the driver of the vehicle.

### 42 U.S.C.A. § 1983 CLAIMS

■ In the Contis' cross-point of error, they assert that the trial court erred in striking their Section 1983 claims. We disagree.

We recognize that Section 1983 is a remedial statute and is interpreted liberally. Deterrence of abuse of power by persons acting under color of law is one of its important purposes. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268, 101 S.Ct. 2748, 2760, 69 L.Ed.2d 616, 633 (1981). To apply, Section 1983 requires that a person acting under color of state law deprive a citizen of a right, privilege, or immunity secured by the Constitution. *See* 42 U.S.C.A. § 1983 (West 1981). The Contis' Section 1983 claim fails for three reasons: (1) there was no official custom or policy on the part of Harris County to deprive prisoners of their civil rights in transporting them from the county jail to state prison; (2) the county's degree of culpability, negligence, was not great enough to impose liability under Section 1983; and (3) the county cannot be held liable under Section 1983 on a *respondeat superior* theory.

■ Clearly, deprivations of rights pursuant to official custom or policy may lead to governmental liability, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), if such policy is the moving force behind the constitutional violation. *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). There must, however, be an affirmative link between the policy and the particular constitutional violation alleged. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Where the policy at issue is not unconstitutional in itself, proof of more than a single incident is necessary to establish liability on the part of the governmental entity. *Oklahoma City v. Tuttle*, 471 U.S. at 823–24, 105 S.Ct. at 2436.

Harris County's policy of transporting prisoners by van is clearly not an unconstitutional policy. As such, more proof than this single incident was necessary to establish a Section 1983 violation on the part of Harris County. *See Oklahoma City v. Tuttle*, 471 U.S. at 824, 105 S.Ct. at 2436.

The Supreme Court addressed the level of culpability issue in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The Court concluded that the due process clause is not implicated, and a Section 1983 claim is not stated, merely by a negligent act of an official that causes an unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. at 328, 106 S.Ct. at 663. That case expressly overruled prior case law to the effect that mere lack of due care by a state official may deprive an individual of life, liberty, or property without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *see also Lynch v. Cannatella*, 810 F.2d 1363, 1370, 1375 (5th Cir.1987); *Ortega v. Rowe*, 796 F.2d 765 (5th Cir.1986).

■ The third reason the Contis' Section 1983 claim against Harris County fails is because it is based on a *respondeat superior* theory. *Respondeat superior* will not support a Section 1983 claim against the county. *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Monell v. New York City Dept. of Social Services*, 436 U.S. at 691, 98 S.Ct. at 2036.

We hold that the Section 1983 claim was properly stricken. There was no official custom or policy with a nexus to the alleged deprivation. The level of culpability stipulated to (negligence) is insufficient to support this claim. Furthermore, a *respondeat superior* theory will not suffice to impose liability in a Section 1983 claim.

### DISPOSITION

For the reasons stated, the judgment is modified to award the estate of Dolores Conti $35,714.28, Raymond G. Conti $8,333.34, Lisa Conti $47,619.04, and Georgina Conti White $8,333.34, all with interest

thereon as provided in the judgment. As modified, the judgment is affirmed.