Martin ROSENZWEIG, Appellant,

v.

DALLAS AREA RAPID TRANSIT and
John Paul Jones, Appellees.

No. 05-92-00002-CV.

Court of Appeals of Texas,
Dallas.

Oct. 30, 1992.

Alfred W. Ellis, Dallas, for appellant.

Hyattye O. Simmons, Dallas, for appellees.

1. Loss of consortium includes the loss of companionship necessary to a successful marriage. *Whittlesey v. Miller,* 572 S.W.2d 665, 668 (Tex. 1978). Although Martin Rosenzweig asserts

Before BAKER, KAPLAN, and WIGGINS, JJ.

## OPINION

KAPLAN, Justice.

This is an appeal from a summary judgment in a case brought under the Texas Tort Claims Act. Martin Rosenzweig contends that the trial court erred in holding that he did not sustain a "bodily injury" to allow additional recovery beyond the statutory per person damage limits of the Act. We affirm.

### FACTUAL BACKGROUND

Susan Rosenzweig suffered personal injuries when she was struck by a bus. The bus was operated by John Paul Jones and owned by Dallas Area Rapid Transit. Martin Rosenzweig did not witness the accident and did not sustain direct physical injuries as a result of the collision.

The Rosenzweigs sued Jones and DART. Susan settled her personal injury claim for $100,000, the statutory per person damage limit under the Tort Claims Act. Martin asserted claims for loss of companionship and consortium,[1] mental anguish, and loss of services as a result of his wife's injuries. Jones and DART moved for summary judgment on the grounds that Martin did not sustain an additional "bodily injury" and was not an injured person under the Tort Claims Act. The trial court granted summary judgment in favor of Jones and DART. This appeal follows.

### ISSUE ON APPEAL

The sole issue on appeal is whether Martin Rosenzweig suffered a "bodily injury" to allow additional recovery beyond the statutory damage limits of the Tort Claims Act. Martin argues that he has a separate cause of action for loss of companionship and consortium, mental anguish, and loss of household services. Jones and DART contend that these claims are derivative of

separate claims for loss of companionship and consortium, they are actually a single claim for loss of consortium.

the injuries sustained by his wife and do not constitute additional "bodily injury" under the Act.

## APPLICABLE LAW

Section 101.023(b) of the Texas Tort Claims Act provides, in relevant part, as follows:

> (b) Except as provided by Subsection (c), liability of a unit of local government under this chapter is limited to money damages in a maximum amount of $100,000 *for each person* and $300,000 for each single occurrence *for bodily injury* or death....

TEX.CIV.PRAC. & REM.CODE ANN. § 101.023(b) (Vernon Supp.1992) (emphasis added).

Loss of companionship, mental anguish, and loss of services are derivative claims. *See Whittlesey v. Miller,* 572 S.W.2d 665, 667 (Tex.1978); *Harris County v. White,* 823 S.W.2d 385, 388 (Tex.App.—Texarkana 1992, no writ). They constitute elements of damage that flow to one party from injuries sustained by another. *White,* 823 S.W.2d at 388. Derivative claims such as loss of companionship do not constitute "bodily injury" under an automobile liability policy. *McGovern v. Williams,* 741 S.W.2d 373, 376–77 (Tex.1987). A derivative claim likewise does not constitute an additional "bodily injury" for the purpose of recovery beyond the statutory damage limits of the Tort Claims Act. *White,* 823 S.W.2d at 388.

## APPLICATION OF LAW TO THE FACTS

The issue presented in this case was recently addressed by the Texarkana Court of Appeals in *Harris County v. White.* The court held that a husband's claims for mental anguish, emotional distress, and loss of services were all derivative of the death of his wife. The court concluded that the deceased wife was the only person injured within the meaning of the Tort Claims Act and refused to allow the husband additional recovery beyond the statutory damage limit imposed under the Act. *White,* 823 S.W.2d at 388; *see also City of Austin v. Cooksey,* 570 S.W.2d 386, 388 (Tex.1978).

Martin relies on *City of Denton v. Page,* 683 S.W.2d 180 (Tex.App.—Fort Worth 1985), *rev'd on other grounds,* 701 S.W.2d 831 (Tex.1986). There, the court held that damages for mental anguish, loss of consortium, and loss of services "are the type of injury which form the basis of a separate and independent cause of action ... compensable under the [Tort Claims] Act." *Page,* 683 S.W.2d at 206. We note that the *Page* case was reversed by the Texas Supreme Court, making its precedential value suspect. Significantly, the Supreme Court expressly refused to consider the arguments under the Tort Claims Act. *Page,* 701 S.W.2d at 835.

We adopt the reasoning set forth in *White* and *Cooksey.* We hold that Martin Rosenzweig's claims for loss of companionship and consortium, mental anguish, and loss of household services are derivative of the injuries sustained by his wife and do not constitute additional "bodily injury" under the Tort Claims Act. We overrule Rosenzweig's sole point of error.

The judgment is affirmed.