**Opinion issued October 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00299-CV

———————————

## IN RE ANGELA CORNEJO AND CARLOS R. PORTILLO, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

In this original proceeding, we consider whether the district court abused its discretion in joining a minor as an indispensable party to her parents' medical malpractice suit.[1] In the underlying health care liability case, relators Angela Cornejo

---

[1]     The underlying case is *Angela Cornejo and Carlos R. Portillo, Individually v. Eugene C. Toy, M.D.; Stephen J. Hilgers, M.D.; Mary Cromcimiller; Danielle Niemeyer, R.N.; and St. Joseph Medical Center*, cause number 2012-69538, pending in the 190th District Court of Harris County, Texas, the Honorable Patricia J. Kerrigan presiding.

and Carlos Portillo sued several health care defendants in district court to recover their damages arising from injuries to their minor child due to the alleged negligent treatment of the defendants. Cornejo and Portillo did not sue on behalf of their child, and the health care defendants moved to join the child as an indispensable party. Cornejo subsequently was named the guardian of the child's estate. She then filed suit against the same defendants in probate court, asserting claims on behalf of the child. The district court ordered the child's claims to be joined with Cornejo and Portillo's individual claims.

Cornejo and Portillo seek mandamus relief, challenging (1) the district court's November 30, 2015 order joining the child as a necessary party to the case and (2) the district court's March 17, 2016 order compelling them to join the child in accordance with its prior order. Because the district court acted within its discretion, we deny the requested relief.

**Background**

Cornejo and Portillo filed the underlying health care liability case against Eugene C. Toy, M.D., Stephen J. Hilgers, M.D., Mary Cromcimiller, Danielle Niemeyer, R.N., and St. Joseph Medical Center in the 190th District Court of Harris County to recover their damages associated with the alleged negligent care provided to their minor child before, during, and after her birth. Because as parents, they are

responsible for the child's medical care, they seek recovery of her past and future medical expenses through her 18th birthday.

The health care defendants moved to join the child as a party in the suit pending against them in the district court. In August 2014, Cornejo applied in probate court to be appointed guardian of the child's estate. The probate court granted the application. Cornejo, in her capacity as guardian of the child, then filed a second suit against the health care defendants in the Harris County Probate Court, asserting claims on behalf of the child, which included mental anguish, physical pain, emotional suffering, disfigurement, lost wages, lost earning capacity, and medical expenses after the child reaches the age of 18.

Upon learning of the suit in probate court, the health care defendants supplemented their previously filed motion to join the child in the district court case and moved to abate the probate court proceedings. In response, Cornejo moved in the probate court to transfer the district court case and consolidate it with the case pending in the probate court.

The probate court denied the motion to transfer the district court case. The district court then granted the health care defendants' motion to join the child as an indispensable party. It ordered Cornejo and Portillo to join the child as a plaintiff in the district court case and abated the case until joinder occurred. Approximately 75 days later, the health care defendants moved for enforcement of the earlier order and

requested that the district court set a deadline for joinder to occur. The district court granted the motion.

Cornejo and Portillo then filed this original proceeding. We granted a temporary stay of the district court's order. The probate court since has abated the case in the probate court.

## Discussion

### I. Standard of Review

Mandamus relief may issue only if the trial court has abused its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (citing *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). To satisfy the standard, a relator must show that the trial court could reasonably could have reached one decision. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

Trial courts have broad discretion in matters involving joinder of parties, and we review a trial court's joinder decision for an abuse of that discretion. *See Royal Petroleum Corp. v. Dennis*, 332 S.W.2d 313, 317 (Tex. 1960); *MCZ, Inc. v. Smith*,

707 S.W.2d 672, 675 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Although trial courts have great discretion regarding joinder of third parties, mandamus relief may be granted if the trial court abuses that discretion. *See In re Corcoran*, 401 S.W.3d 136, 139 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (citing *In re Arthur Andersen, L.L.P.*, 121 S.W.3d 471, 483 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding)).

Mandamus relief also may issue when one court actively interferes with the jurisdiction of another court. *See In re Reliant Energy, Inc.*, 159 S.W.3d 624, 626 (Tex. 2005).

## II. Analysis

Texas Rule of Civil Procedure 39 governs joinder of parties who are "needed for [the] just adjudication" of a suit, including joinder of involuntary plaintiffs. TEX. R. CIV. P. 39.  Rule 39(a) provides:

> **Persons to be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if: (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in this absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

TEX. R. CIV. P. 39(a).

5

Rule 39(a) provides for joinder of indispensable parties in mandatory terms, but no precise formula exists for determining whether a party falls within its provisions. *See Longoria v. Exxon Mobil Corp.,* 255 S.W.3d 174, 180 (Tex. App.—San Antonio 2008, pet. denied) (quoting *Cooper v. Tex. Gulf Indus., Inc.,* 513 S.W.2d 200, 204 (Tex. 1974)); *see also Kodiak Res., Inc. v. Smith,* 361 S.W.3d 246, 251 (Tex. App.—Beaumont 2012, no pet.). If a district court determines that an absent person falls within the provisions of the rule, however, it must effect that person's joinder. *Longoria,* 255 S.W.3d at 184; *see* TEX. R. CIV. P. 39(a).

Cornejo and Portillo contend that joining the child's claims to theirs is not necessary to afford complete relief to them or to the health care defendants because the parents are limiting their requested relief to their individual damages. They further contend that the child's absence from the case will neither harm her rights nor subject the defendants to a substantial risk of incurring inconsistent obligations. Next, they claim that, even if the child's suit falls within either of these categories, this was not a "proper case" for involuntary joinder. Finally, they claim that district courts are prohibited from transferring cases from probate courts and joinder amounts to a transfer of the probate case to the district court. We address these contentions in turn.

## A. The child is an indispensable party to the district court suit as Rule 39(a) defines one.

The parties do not dispute that the parents' district court claims are derivative of the child's claims. In cases in which a parent seeks a direct recovery for a child's medical expenses or their own mental anguish and suffering, the parent's action is "a derivative claim that arises only as a consequence of injuries to the child." *Tumlinson v. St. Paul Ins. Co.*, 786 S.W.2d 406, 408 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *see also Rosenzweig v. Dallas Area Rapid Transit*, 841 S.W.2d 897, 898 (Tex. App.—Dallas 1992, writ denied) ("Loss of companionship, mental anguish, and loss of services are derivative claims."). As the Texas Supreme Court has observed in the wrongful-death context: "A parent's claim for . . . mental anguish damages for the death of a child is entirely derivative of the child's cause of action against a tortfeasor." *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 98 (Tex. 2004). In other words, the parents would have no claim if the minor had no claim: "The parent's cause of action for loss of services and earnings of the minor and for medical expenses is derivative in the sense [that] the tortfeasor's liability to the child must be established before the parent may recover." *Washam v. Hughes*, 638 S.W.2d 646, 648 (Tex. App.—Austin 1982, writ ref'd n.r.e.); *see also Fort Worth Osteopathic Hosp.*, 148 S.W.3d at 98 ("If the child has no cause of action, neither do the parents."). Accordingly, Cornejo and Portillo's claims, which arise from the defendants' care of the child before, during, and after her birth, are

7

derivative of the child's claims. Notably, the suit does not assert claims arising from any care provided to Cornejo in connection with the child's delivery.

Cornejo and Portillo acknowledge that their claims are derivative, but respond that a child's cause of action for personal injuries is separate from the parent's right to recover damages for injury to the child. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). They further contend that (1) a judgment in the probate court case binds the parties in the district court proceeding only if collateral estoppel or res judicata applies, and (2) these doctrines do not apply because parents are not "in privity" with their child. But it is the very risk of inconsistent adjudications that demonstrates the propriety of Rule 39 joinder when one claim is derivative of another. For both sets of claims, Cornejo and Portillo must prove that the health care defendants negligently treated the child and proximately caused the child's injuries. Should a jury conclude that the defendants were not liable in their treatment of the child, a judgment in the district court case would afford relief to the defendants in the case filed by the parents but not in the case filed by the child, despite findings in the former case that absolve the defendants of liability to the child. Absent joinder, the defendants would not be afforded complete relief in the suit, but rather would have to re-defend their liability in the probate suit or successfully urge collateral estoppel or res judicata as a bar to the child's claims.

8

## B. Absent joinder, a substantial risk of inconsistent obligations exists.

Concomitantly, the risk of inconsistent obligations exists should the parents prevail in their individual suit. The health care defendants observe that the parents and the child both seek noneconomic damages governed by the statutory damages caps in health care liability cases. Thus, they argue that the district court reasonably could have concluded that joinder was necessary because the child's interest may be impaired unless she is joined and the defendants may be subject to inconsistent obligations as to applicability and apportionment of the damages caps. *See* TEX. R. CIV. P. 39(a).

The record confirms that both the parents and the child sued to recover non-economic damages in their underlying health care liability actions. The parents and the child are a "single claimant" as defined by section 74.001(a)(2) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2) ("All persons claiming to have sustained damages as the result of the bodily injury or death of a single person are considered a single claimant."). As a single claimant, the parents and the child share (1) the same $250,000 cap for non-economic damages alleged against the collective individual defendants and (2) the same $250,000 cap for non-economic damages alleged against the hospital. *See* TEX. CIV. PRAC. & REM.

9

CODE §§ 74.301(a), (b).[2] If, for example, the parents were awarded $250,000 from the individual defendants and $250,000 from the hospital in the district court, then the caps would be exhausted before the child's claims were adjudicated. Absent the child's joinder, the risk exists that noneconomic damages claims could be extinguished by either the parents or the child without the other, rather than resolved proportionately. Any recovery of noneconomic damages by the parents reduces the maximum potential recovery available to the child under the statutory caps.

Cornejo and Portillo respond that they removed the risk of the statutory caps' inconsistent application by nonsuiting their individual claims for noneconomic damages while this mandamus proceeding has been pending. But that nonsuit does not alleviate the general risk that the apportionment questions highlight—the risk that two different juries may determine differing amounts of medical expenses and other damages in response to the same liability question, and may allocate those damages differently between the parents and the child based on the parents' claim for expenses until the child reaches her majority. Nor does the nonsuit assure that

---

[2]    Section 74.301(a) of the Texas Civil Practice and Remedies Code limits noneconomic damages in a health care liability action against physicians or health care providers other than an institution to "an amount not to exceed $250,000 for each claimant, regardless of the number of defendant physicians or health care providers other than a health care institution against whom the claim is asserted or the number of separate causes of action on which the claim is based." TEX. CIV. PRAC. & REM. CODE § 74.301(a). Section 74.301(b) limits noneconomic damages in a health care liability action against a single health care institution to "an amount not to exceed $250,000 for each claimant." TEX. CIV. PRAC. & REM. CODE § 74.301(b).

the jury would hear the same evidence regarding these damages and their appropriate allocation between the parents and the child. Removing noneconomic damages from the district court suit does not assure that the total amount of damages and apportionment of medical expenses between the parents and the child would be consistently determined and applied in two different trials.

## C. The district court acted within its discretion in determining that this was a proper case for involuntary joinder.

Cornejo and Portillo further contend that Rule 39 provides for involuntary joinder only "in a proper case" and this is not a "proper case." TEX. R. CIV. P. 39(a) ("If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff."). They rely on a Fifth Circuit case interpreting the meaning of "in a proper case" under Federal Rule of Civil Procedure 19(a)[3], "to cover only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973).

The Fifth Circuit's reason for barring joinder in *Eikel* does not apply to the different circumstances presented in this case, where the parents and the child both

---

[3]     Similar to Rule 39(a), Federal Rule of Civil Procedure 19(a)(2) provides that "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." FED. R. CIV. P. 19(a)(2).

11

have sued the defendants for damages due to the child's injuries and seek redress in the Texas state courts. In *Eikel*, the court instead was concerned about saddling unwilling persons with the procedural burdens of a plaintiff:

> The law generally disfavors forced joinder of a party as a plaintiff with whatever procedural handicaps that normally entails. Under our adversary system the general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff. For that reason, absent the "proper case" exception, where there is an obligation to join as a plaintiff, the preferred method is to designate and serve involuntary parties as defendants, regardless of their appropriate interest alignment.

*Eikel,* 473 F.2d at 962 (citations omitted). Here, Cornejo, as the guardian of the child, willingly sued—she contests the forum, not her role as a plaintiff.

Texas appellate courts, moreover, have afforded broad discretion to trial courts regarding joinder of parties. *See Royal Petroleum Corp. v. Dennis*, 332 S.W.2d 313, 317 (Tex. 1960) ("It is generally true that in matters of joinder and misjoinder of parties, the trial courts have a broad discretion."); *Valdez v. Robertson*, No. 01-14-00563-CV, 2016 WL 1644550, at *4 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) ("A trial court has broad discretion in deciding matters of joinder of parties."); *Conrad Constr. Co., Ltd v. Freedmen's Town Pres. Coal.*, 491 S.W.3d 12, 16 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("The trial court has broad discretion in deciding matters of joinder of parties under Rule 39."); *Ablon v. Campbell*, 457 S.W.3d 604, 610 (Tex. App.—Dallas 2015, pet. denied) ("A trial

court generally has broad discretion under the rules of procedure concerning joinder of parties.").

**D. The joinder does not interfere with the probate court's jurisdiction.**

Finally, Cornejo and Portillo contend that "[t]he trial court's order is an abuse of discretion because it is effectively an end-run around the prohibition against district courts transferring claims pending in probate court." Section 1022.007 of the Texas Estates Code authorizes a statutory probate court to transfer to itself a cause of action related to a guardianship, including cases pending in district, county, or statutory court. *See* TEX. EST. CODE § 1022.007(a)(1). The statute does not provide for a similar authorization to permit a district court to transfer a pending probate court case. In this case, however, the health care defendants moved to join the child as a necessary party two years before suit was filed in probate court. The probate court has declined to transfer the district court case to the probate court and has abated the case in favor of the earlier filed district court case. In these circumstances, the trial court's exercise of Rule 39 joinder does not interfere with the probate court's dominant jurisdiction over guardianship matters.

## Conclusion

For the foregoing reasons, we deny the petition for a writ of mandamus. We lift our stay of the underlying proceedings. Any pending motions are dismissed as moot.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.