ACCEPTED
13-15-00517-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/16/2015 2:53:05 PM
Dorian E. Ramirez
CLERK

# NO. 13-15-00517-CV
# NO. 13-15-00523-CV

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH DISTRICT OF TEXAS**
**AT EDINBURG, TEXAS**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/16/2015 2:53:05 PM
DORIAN E. RAMIREZ
Clerk

_____

**BROOKS DITTO, BILLY PEMBLETON AND KARINA CASTANEDA**
**Individually and Officially**
**Appellants**

**VS.**

**JUDITH CAMPOS AND JESSY CAMPOS**
**Appellees**

_____

**Interlocutory Appellate Proceeding from the**
**County Court at Law No. 1 - Hidalgo County, Texas**

_____

**APPELLANTS BROOKS DITTO, BILLY PEMBLETON**
**AND KARINA CASTANEDA'S AMENDED APPELLATE BRIEF**

_____

RICARDO J. NAVARRO
JOHN-MICHAEL HAYWARD
**DENTON, NAVARRO, ROCHA**
**BERNAL, HYDE & ZECH, P.C.**
701 E. Harrison St., Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

**COUNSEL FOR APPELLANTS**
**BROOKS DITTO, BILLY PEMBLETON**
**AND KARINA CASTANEDA,**
**Individually and Officially**

**ORAL ARGUMENT REQUESTED**

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT EDINBURG, TEXAS**

_____

**BROOKS DITTO, BILLY PEMBLETON AND KARINA CASTANEDA
Individually and Officially
Appellants**

**VS.**

**JUDITH CAMPOS AND JESSY CAMPOS
Appellees**

_____

**ON APPEAL FROM THE COUNTY COOURT AT LAW NO. 1
OF HIDALGO COUNTY, TEXAS
TRIAL COURT CASE NUMBER CL-15-0914-A**

_____

**IDENTITY OF PARTIES AND COUNSEL**

So that members of the Court may determine disqualification or recusal, Appellants certify that the following is a complete list of the parties and all the persons otherwise interested in the outcome of this case:

**APPELLANTS:**

Brooks Ditto
Billy Pembleton
Karina Castaneda

**COUNSEL FOR APPELLANTS:**

RICARDO J. NAVARRO
JOHN-MICHAEL HAYWARD

**DENTON, NAVARRO, ROCHA & BERNAL
HYDE & ZECH, P.C.**

701 E. Harrison St., Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)
**COUNSEL FOR APPELLANTS**
**BROOKS DITTO, BILLY PEMBLETON AND**
**KARINA CASTANEDA, Individually and Officially**


**APPELLEES:**

Judith Campos
Jessy Campos

**COUNSEL FOR APPELLEES:**

Mr. George Durham
Attorney At Law
517 W. Nolana, Ste. 6
**COUNSEL FOR APPELLEES**

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................................ i

TABLE OF CONTENTS ...........................................................................................iii

INDEX OF AUTHORITIES ........................................................................................ v

REQUEST FOR ORAL ARGUMENT ........................................................................vii

JURISDICTIONAL STATEMENT ............................................................................. 2

STATEMENT OF THE CASE .................................................................................. 2

ISSUES PRESENTED ......................................................................................... 2

SUMMARY OF THE ARGUMENT.......................................................................... 3

STATEMENT OF FACTS ....................................................................................... 4

STANDARD OF APPELLATE REVIEW ................................................................. 8

ARGUMENT ......................................................................................................... 9

**Issue Presented #1: The Trial Court Erred in Denying the Appellants'
Jurisdictional Plea Because the Court Lacked Subject Matter
Jurisdiction over Plaintiffs Claims. ........................................................... 9**

    A.   Under §101.106(f), Tex. Civ. Prac. & Rem. Code, Weslaco Law
Enforcement Officers and Employees, Brooks Ditto, Billy
Pembleton, and Karina Castaneda Should Have Been Dismissed
From the Lawsuit. ..................................................................................... 9

    B.   Because the Trial Court Erred in Not Considering the Appellants'
Unchallenged Evidence the Court Erred in Denying Appellants'
Jurisdictional Plea and As Such the Claims Against Appellants
Should Be Dismissed In Their Entirety. ............................................. 14

    C.   Appellants Are Immune From Plaintiffs' Intentional Tort Claims. .................. 15

    D.   Plaintiffs Cannot Now Amend Their Suit Against the Employer, the
City Of Weslaco, and As Such All Claims Against Appellants Must
Be Dismissed With Prejudice. ............................................................. 17

**Issue Presented #2: The Trial Court Erred in Denying the City Defendant's
Rule 91a Motion to Dismiss Because Individually Named Defendants
Brooks Ditto, Billy Pembleton, and Karina Castaneda Were Sued for
Actions Taken Within the Course and Scope of Their Employment as
Weslaco Police Officers and Thus Immune From Suit. ............................... 17**

    A.   Plaintiffs' Claims against Appellants Have No Basis In Law
Because the Court Lacks Subject Matter Jurisdiction Under TTCA
§101.106(f). ........................................................................................... 17

B.    Plaintiffs' §101.101 Notice Letter Is A Condition Precedent to a Tort Claim Against Appellants' Municipal Employer, the City of Weslaco. Therefore the Notice Letter Qualifies as an Exhibit Under Rule 91a and Rule 59. ....................................................................................... 19

PRAYER FOR RELIEF.......................................................................................21

CERTIFICATE OF COMPLIANCE .....................................................................22

APPENDIX INDEX ..............................................................................................2

# INDEX OF AUTHORITIES

## Cases

*Austin State Hosp. v. Graham,* 347 S.W.3d 298, 301 (Tex.2011) ...................... 16

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ...................... 16

*City of Austin v. Liberty Mut. Ins.,* 431 S.W.3d 817, 822 n. 1 (Tex.App.—Austin 2014, no pet.) .............................................................................. 17

*City of Celina v. Blair*, 171 S.W.3d 608 (Tex. App. 2005) ................................. 28

*City of Dallas v. Sanchez*, 449 S.W.3d 645, 649 (Tex. App. 2014) .................... 16

*City of El Campo v. Rubio*, 980 S.W.2d 943, 945 (Tex. App.–Corpus Christi 1998, pet. dism'd w.o.j.) ................................................................................ 16

*City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App. 1995) ............... 24

*City of Waco v. Kirwah*, 298 S.W.3d 618, 622 (Tex.2009) ................................. 22

*Dailey v. Thorpe,* 445 S.W.3d 785, 788–89 (Tex.App.—Houston [1st Dist.] 2014, no pet. h.) .......................................................................................... 16

*Denton County v. Howard*, 22 S.W.3d 113, 117-18 (Tex. App.-Fort Worth 2000) ......................................................................................................... 22

*El Paso Cmty. Partners v. B&G/Sunrise Joint Venture*, 24 S.W.3d 620, 623 (Tex. App.-Austin 2000, no pet.) ................................................................. 16

*Flowers v. Lavaca County Appraisal Dist.*, 766 S.W.2d 825, 827 (Tex. App.-Corpus Christi 1989, writ denied) .............................................................. 16

*Fontenot v. Stinson*, 369 S.W.3d 268, 274 (Tex. App. 2011) ............................ 24

*Franka v. Velasquez*, 332 S.W.3d 367, 384 (Tex. 2011) ................................... 20

*GoDaddy.com, LLC v. Toups,* 429 S.W.3d 752, 754 (Tex.App.—Beaumont 2014, pet. filed) ............................................................................................ 16

Huntsville Independent Sch. Dist. v. Briggs, 262 S.W.3d 390, 395 (Tex. App. 2008) ......................................................................................................... 25

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998) .................... 16

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) ....................................................................................................... 26

*Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015) ........................................ 20

*Paz v. Weir*, 137 F.Supp.2d 782 (2001) ............................................................... 24

*Rosenzweig v. Dallas Area Rapid Transit*, 841 S.W.2d 897, 898 (Tex. App. 1992) ................................................................................................................ 24

*Sampson v. Texas Dep't of Pub. Safety*, No. 09-12-00537-CV, 2013 WL 3488255, at \*1 (Tex. App. July 11, 2013) ................................................... 24

*Sullivan v. Aransas Cnty. Navigation Dist.*, No. 13-10-00135-CV, 2011 WL 61846, at \*6 (Tex. App. Jan. 6, 2011) ....................................................... 24

*Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 360 (Tex. 2013) ................................................................................................................ 20

*Univ. of Texas Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel. Vasquez-Arancibia*, 324 S.W.3d 544, 546, 548 (Tex. 2010) .................................... 19

*Wooley v. Schaffer,* 447 S.W.3d 71, 74–76 (Tex.App.—Houston [14th Dist.] 2014, no pet. h.) ....................................................................................... 16

**Statutes**

Texas Civil Practice & Remedies Code §51.014(a)(8), ...................................... 10

Texas Civil Practice & Remedies Code §101.057(2) ......................................... 23

Texas Civil Practice & Remedies Code §101.106(f) .......................................... 10

Texas Government Code §22.004(g), ................................................................ 16

Texas Local Government Code §341.003 .......................................................... 17

Texas Rule of Civil Procedure 59 ...................................................................... 27

Texas Rule of Civil Procedure 91a .................................................................... 16

Texas Rule of Evidence 201 .............................................................................. 17

## REQUEST FOR ORAL ARGUMENT

APPELLANTS hereby requests the opportunity to present oral argument on their appeal before the Court as per TRAP 39.

## IN THE COURT OF APPEALS
## FOR THE THIRTEENTH DISTRICT OF TEXAS
## AT EDINBURG, TEXAS

_____

## BROOKS DITTO, BILLY PEMBLETON AND KARINA CASTANEDA
## Individually and Officially
## Appellants

## VS.

## JUDITH CAMPOS AND JESSY CAMPOS
## Appellees

_____

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF HIDALGO COUNTY, TEXAS
## TRIAL COURT CASE NUMBER CL-15-0914-A

_____

## APPELLANTS BROOKS DITTO, BILLY PEMBLETON
## AND KARINA CASTANEDA'S AMENDED APPELLATE BRIEF

_____

MAY IT PLEASE THE COURT:

COMES NOW the APPELLANTS, BROOKS DITTO, BILLY PEMBLETON and KARINA CASTANEDA, Individually and Officially ("APPELLANTS"), and files this Opening Appellate Brief in accordance with the Texas Rules of Appellate Procedure ("TRAP"). For clarity, APPELLANTS will be referred to by name or as "APPELLANTS" and the APPELLEES shall be referred to as the "Plaintiffs" or "Campos".[1]

---

[1] Also, references to "CR" shall be to "Clerk's Record," and cite exclusively to Clerk's Record 13-15-517. References to "SCR" shall be references to "Supplemental

## JURISDICTIONAL STATEMENT

The Court has appellate jurisdiction over this matter pursuant to §51.014(a)(8), Tex. Civ. Prac. & Rem. Code, which allows interlocutory appeals from the denial of a Plea to the Jurisdiction by a governmental unit.

## STATEMENT OF THE CASE

The legal question presented in this interlocutory appeal is whether APPELLANTS, this is, BROOKS DITTO, BILLY PEMBLETON, and KARINA CASTANEDA are governmentally immune from Plaintiffs' claims, as a matter of law.

APPELLANTS contend that Plaintiffs have pleaded claims against them that them for conduct that occurred while in their capacity as law enforcement officers for the City of Weslaco. As such, the APPELLANTS are automatically cloaked with immunity from suit, and the trial court lacked subject matter jurisdiction over the claims.

## ISSUES PRESENTED

**Issue Presented #1: The Trial Court Erred in Denying the Appellants' Jurisdictional Plea Because the Court Lacks Subject Matter Jurisdiction over Plaintiffs Claims.**

A. Under Tex. Civ. Prac. & Rem. Code §101.106(f), Weslaco Law Enforcement Officers Brooks Ditto, Billy Pembleton, and Karina Castaneda Must Be Dismissed Individually.

B. Because the Trial Court Erred in Not Considering the Appellants' Unchallenged Evidence the Court Erred in Denying The Jurisdictional Plea and As Such the Claims Against Appellants' Should Be Dismissed In Their Entirety.

C. Appellants Are Immune, As A Matter of Law, From Plaintiffs' Intentional Tort Claims.

---

Clerk's Record." References to "Apdx" shall be to the "Appendix" which is incorporated herein as an aid to the Court.   References to "RR" shall be to the "Reporters Record."

D.      Plaintiffs Cannot Now Amend Their Suit Against the City Of Weslaco and As Such All Claims Against City Defendants Should Be Dismissed With Prejudice.

**Issue Presented #2: The Trial Court Erred in Denying the Appellants' Rule 91a Motion to Dismiss Because Defendants Brooks Ditto, Billy Pembleton, and Karina Castaneda Were Sued for Actions Taken Within the Course and Scope of Their Employment as Weslaco Police Officers and Thus They Are Immune From Suit.**

A.      Plaintiffs' Claims against Appellants Have No Basis In Law Because the Court Lacks Subject Matter Jurisdiction Under §101.106(f), Tex. Civ. Prac. & Rem. Code.

B.      Plaintiffs' §101.101 Notice Letter Is A Condition Precedent to a Tort Claim Against Appellants' Municipal Employer, the City of Weslaco. Therefore the Notice Letter Qualifies as an Exhibit Under Rule 91a and Rule 59.

## SUMMARY OF THE ARGUMENT

Plaintiffs have not, and cannot as a matter of law, present in pleading or proof, a set of facts that overcomes the APPELLENTS immunity from suit.

Plaintiffs' Petition makes claims against APPELLANTS DITTO, PEMBLETON, and CASTANEDA for alleged actions taken within the course and scope of their employment as law enforcement officers for the City of Weslaco, Texas. Although Plaintiffs have attempted to plead a claim against the APPELLANTS individually only, in an effort to sidestep the government immunity that otherwise attaches to them as police officers, the pleadings alone reveal that the conduct complained about arises out of the APPELLANTS office as law enforcement officers for the City of Weslaco.

As further corroboration that the actions of the APPELLANTS necessarily arise out of the exercise of law enforcement authority by the APPELLANTS, Plaintiffs had filed with the City of Weslaco a Tort Claims Act Notice Letter, prior to filing suit. A tort claims notice letter is a condition precedent to filing suit, and Plaintiffs evidence an intent to pursue this claim as a Texas Tort Claims Act claim, Because the City of Weslaco does not contest that the actions complained about were taken within the course an scope of their employment as police officers,

Plaintiffs were obligated to dismiss their claims against the individuals and substitute in the City, when requested to do so, so that the Tort Claims Act analysis could proceed accordingly.

In short, at the trial court level, Plaintiffs were given multiple opportunities to amend their petition and to substitute in the City of Weslaco instead, but Plaintiffs elected not do so. Consequently, all applicable deadlines to amend their pleading under the Texas Tort Claims Act have long since passed. As a result, all of Plaintiffs claims against the APPELLANTS should have been dismissed by the trial court and the Plaintiffs are barred from bringing any claims regarding the same subject matter against the City of Weslaco as well.

## STATEMENT OF FACTS

### A.    Underlying Pleaded Factual Background

On March 26, 2015, Plaintiffs brought suit alleging intentional torts against the APPELLANTS in connection with a familial dispute that led to a Weslaco Police Department investigation and eventually the subsequent arrest of Plaintiff Jessy Campos. CR at 4. On April 20, 2015, APPELLANTS filed their answer asserting among other things governmental, sovereign, and official immunity. CR at 10.

According to Plaintiffs' live pleading, named APPELLANT KARINA CASTANEDA and Plaintiff Jessy Campos are the divorced parents of a child (hereinafter "John Doe"), custody of whom is at the heart of this lawsuit. CR at 5. Plaintiffs allege that Jessy Campos placed an audio recording device in the shoe of John Doe due to concerns that the child was being subjected to abuse by APPELLANT CASTANEDA "and/or others." CR at 6; Apdx., Exh. B.

The lawsuit then alleges that after discovering the recording device Castaneda **"used her position as a police officer"** to file charges and secure the arrest of Plaintiff Jessy Campos. CR at 6 (emphasis added). Plaintiffs further allege that Weslaco police officers and the named APPELLANTS DITTO and PEMBLETON cooperated with CASTANEDA and "assisted in falsely prosecuting and falsely arresting Plaintiff Jessy Campos." *Id.*

Based on these allegations, Plaintiffs bring intentional torts including malicious prosecution, abuse of process, and civil conspiracy charges against the APPELLANTS for actions that necessarily fall within the course and scope of their employment as law enforcement officers.   In other words, the suit is premised for actions by the APPELLANTS taken in their capacity as City of Weslaco law enforcement officers and employees. CR at 4-8.

### B.    Procedural History

On April 30, 2015, APPELLANTS filed a Rule 91a Motion to Dismiss seeking dismissal of the lawsuit against them and requesting that Plaintiffs substitute their employer, the City of Weslaco, as the Defendant §101.106(f) of the Texas Tort Claims Act. CR at 13.

APPELLANTS later filed a supplement to the Rule 91 Motion on May 12, 2015, providing a copy of the Tort Claims Notice Act letter that Plaintiffs had sent to the City prior to the filing of the lawsuit. CR at 19; Apdx, Exh. A.

On May 18, 2015, Plaintiffs filed Responses to the Defendants' Rule 91a Motion, making it clear that they had no intentions of complying with §101.106(f) of the Tort Claims Act. CR at 25 and 30. Plaintiffs instead asserted that they intended to pursue their lawsuit against the APPELLANTS in their "individual capacities" only.   Plaintiffs insist that they intend to sue the APPELLANTS in a private capacity only, even though the actions complained about necessarily fall with the course and scope of their jobs as police officers.   By ignoring material facts, Plaintiffs contend that the governmental aspect of the actions complained about do not trigger the immunities that would otherwise apply to the APPELLANTS. CR at 25. Thus Plaintiffs argued that because they did not literally use the words "official capacity" or specifically name the City of Weslaco as a party, APPLLANTS have no right to assert immunity under the TTCA.   *Id*.

On June 3, 2015, more than 30 days after the City's Rule 91a Motion had been filed, and before the Plaintiffs had made any attempt to re-plead to dismiss the individual APPELLANTS, and substitute in the City of Weslaco, APPELLANTS

filed a Reply to Plaintiffs' Response to the Rule 91a Motion. APPELLANTS pointed out to the trial court that, not only had the Plaintiffs sued the APPELLANTS as to official actions taken in their capacity as police officers, but that Plaintiffs had failed to comply with §101.106(f) of the Tort Claims Act. Therefore, the law required immediate dismissal of each of the individual APPELLANTS. CR at 36.

On June 8, 2015, the court heard arguments on the APPELLANTS' Rule 91a Motion but did not make a ruling and instead re-set the hearing. Arguments on this motion were not taken up again until August 5, 2015, well after the 45 day ruling deadline contained in the Rules however, the court again declined to make a ruling and the hearing was re-set once again. *See TRCP 91a.*

Seeing no compliance from the trial court with the Rules, APPELLANTS then also filed a Jurisdictional Plea on October 9, 2015, again asserting that Plaintiffs' failure to comply with §101.106(f) of the Tex. Civ. Prac. & Rem. Code required immediate dismissal of the APPELLANTS as currently named. CR at 41. With the jurisdictional plea, APPELLANTS attached as evidence to support the Plea consisting, of the Tort Claims Act letter sent by the Plaintiffs to the City of Weslaco, as well as an affidavit signed by then Interim Police Chief Ted Walensky providing testimonial proof that the actions of the APPELLANTS were taken within the course and scope of their officers as law enforcement personnel. CR at 50 and 53; See Apdx Exh. A and Exh. C.

The Tort Claims Act notice letter identified APPELLANTS as Weslaco Police Officers and put the City on statutory notice that it was about to be sued for the official actions of its police officers. CR at 50. The affidavit signed by Interim Police Chief Walensky confirmed that APPELLANTS DITTO, PEMBLETON, and CASTANEDA "were acting wholly and completely within the course and scope of their employment with the City of Weslaco as police officers." CR at 53; See Apdx Exh. A and Exh. C. Plaintiffs filed nothing in response to the APPELLANTS' Jurisdictional Plea.

On October 21, 2015, the court heard arguments on the City's Rule 91a Motion to Dismiss as well as the Jurisdictional Plea. Despite the fact Plaintiffs never responded to the Jurisdictional Plea, and presented no evidence at the hearing either, the trial court denied both dispositive actions. The trial court signed an Order denying the Defendants' Jurisdictional plea on October 21, 2015. The next day, the trial court also signed an Order denying the Defendants' Rule 91a Motion to Dismiss on October 22, 2015.[2] CR at 54 and 55.

APPELLANTS timely filed their notice of interlocutory appeal on October 29, 2015, appealing from both denial orders. CR at 56.

Subsequently, the trial court signed another Order, apparently submitted by Plaintiffs, which was entitled as a denial of the Motion to Dismiss, but which in the body of the Order purported to deny the jurisdictional plea. Supp. CR at 4. APPELLANTS, out an abundance of caution, filed another Notice of Appeal from this latest Order on November 18, 2015, and also requested to supplement the Clerk's Record.

This Court bifurcated the appeals into two cause numbers, one related to the motion to dismiss, and one related to the jurisdictional plea. Because the two matters are procedurally intertwined, APPELLANTS requested that the two matters be consolidated. This Court granted the motion to consolidate as to briefing only. Therefore, this brief addressed the appellate issues in the two appellate causes.

---

[2] City Defendants request that the Court take judicial notice that the ruling on City Defendants' Motion to Dismiss was not timely made by the trial court pursuant to Rule 91a.3(c) of the TRCP.

## STANDARD OF APPELLATE REVIEW

### A.     THE PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea, which is employed to challenge the trial court's subject matter jurisdiction over a cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of El Campo v. Rubio*, 980 S.W.2d 943, 945 (Tex. App.–Corpus Christi 1998, pet. dism'd w.o.j.). Because the determination of subject matter jurisdiction is a question of law, this Court reviews the trial court's decision under a *de novo* standard of review.   *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Dismissing a cause of action based on a plea to the jurisdiction is proper when incurable jurisdictional defects are shown on the face of plaintiff's pleadings. *El Paso Cmty. Partners v. B&G/Sunrise Joint Venture*, 24 S.W.3d 620, 623 (Tex. App.-Austin 2000, no pet.); *Flowers v. Lavaca County Appraisal Dist.*, 766 S.W.2d 825, 827 (Tex. App.-Corpus Christi 1989, writ denied).   However, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Blue*, 34 S.W.3d at 555. The court should, of course, confine itself to the evidence relevant to the jurisdictional issue.   *Id.*

### B.     THE RULE 91A MOTION TO DISMISS

The standard of review for a Rule 91a motion to dismiss concerning a question of law is *de novo. See City of Dallas v. Sanchez*, 449 S.W.3d 645, 649 (Tex. App. 2014); *Dailey v. Thorpe,* 445 S.W.3d 785, 788–89 (Tex.App.—Houston [1st Dist.] 2014, no pet. h.); *Wooley v. Schaffer,* 447 S.W.3d 71, 74–76 (Tex.App.—Houston [14th Dist.] 2014, no pet. h.); *GoDaddy.com, LLC v. Toups,* 429 S.W.3d 752, 754 (Tex.App.—Beaumont 2014, pet. filed).

In this context, review of a Rule 91a Motion to Dismiss is treated like a Plea to the Jurisdiction. *Sanchez*, 449 S.W.3d at 649-50. S*ee also Austin State Hosp. v. Graham,* 347 S.W.3d 298, 301 (Tex.2011) (appeal may be taken from orders

denying assertion of immunity, regardless of procedural vehicle used); *City of Austin v. Liberty Mut. Ins.,* 431 S.W.3d 817, 822 n. 1 (Tex.App.—Austin 2014, no pet.)f (reviewing trial court's order on Rule 91a motion "using the standard of review for pleas to the jurisdiction that challenge only the pleadings"); *Wooley,* 447 S.W.3d at 75 (finding Rule 91a motions "unique," but "analogous to pleas to the jurisdiction").

Pursuant to Rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TRCP 91a.1.:

> A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.*

The motion must be filed within 60 days after Plaintiffs' First Amended Original Petition was filed and the court must either grant or deny this motion within 45 days after it is filed. TRCP 91a.3(a) and (c).[3]

## ARGUMENT

**Issue Presented #1: The Trial Court Erred in Denying the Appellants' Jurisdictional Plea Because the Court Lacked Subject Matter Jurisdiction over Plaintiffs Claims.**

**A. Under §101.106(f), Tex. Civ. Prac. & Rem. Code, Weslaco Law Enforcement Officers and Employees, Brooks Ditto, Billy Pembleton, and Karina Castaneda Should Have Been Dismissed From the Lawsuit.**

The City of Weslaco is a home-rule municipality organized under the Texas Constitution. As such, the City is authorized to organize its own police force. Tex. Local Gov't Code §341.003.[4] Plaintiffs have sued City of Weslaco police officers DITTO, PEMBLETON, and CASTANEDA in for actions taken within the course and

---

[3] Rule 91a was adopted by the Texas Supreme Court in March 2013 in response to a requirement by the Texas Legislature reflected in §22.004(g), Texas Gov't Code, which provides that the Texas Supreme Court **shall adopt** Rules providing for summary disposition of cases with no basis in law or fact (emphasis added).

[4] The City Defendants request that the Court take judicial notice of this juridical fact under Rule 201, Tex. R. Evid.

scope of their employment as law enforcement officers for the City of Weslaco, Texas.

Under §101.106(f), Tex. Civ. Prac. & Rem. Code, Plaintiffs claims must instead be directed as claims against the employer City of Weslaco only, and on the employees' motion the suit against the employees must be dismissed:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

The Texas Supreme Court has unequivocally interpreted §101.106(f). "A suit against an employee in his official capacity is *not* a suit against the employee; it is, in all but name only, a suit against the governmental unit." *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 357 (Tex. 2013). "Subsection (f) provides the appropriate avenue for dismissal of an employee who is considered to have been sued in his official capacity." *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014).

There is no question that Plaintiffs seek to hold individually named APPELLANTS liable for their actions as Weslaco police officers. This is evidenced by Plaintiffs' statements: "Karina Castaneda used her position as *a police officer with the Weslaco police department*," and, "Brooks Ditto, Billy Pembleton…cooperated with Defendant Karina Castaneda and assisted in falsely prosecuting and falsely arresting Plaintiff Jessy Campos." CR at 6, *(emphasis added).* Further, Plaintiffs bring actions for malicious prosecution, abuse of process, and civil conspiracy relating to the arrest and attempted prosecution of Jessy Campos. CR at 6-7; Apdx. Exh. B.

Plaintiffs' assertion of claims against these individual Defendants for specific actions taken in the course and scope of their duties as Weslaco police officers is

further irrefutably established through their pre-suit October 3, 2014, notice of claim under §101.101 of the Texas Civil Practice and Remedies Code. *See Ex. A*. Under the Texas Tort Claims Act, notice provided under §101.101 of the Tex. Civ. Prac. & Rem. Code is a jurisdictional requirement to filing a suit against a governmental entity. *Univ. of Texas Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel. Vasquez-Arancibia*, 324 S.W.3d 544, 546, 548 (Tex. 2010). Defendants previously attached Plaintiffs' §101.101 Notice letter to its Rule 91 Motion to Dismiss, as such constitutes a pleading.

Plaintiff served a §101.101 Notice letter to City of Weslaco Mayor David Suarez on October 3, 2014. CR at 22. Presumably, this notice was sent within the (6) month statutory required timeframe for the sole purpose of satisfying the jurisdictional requirement to file suit against the City. Plaintiff even styled this letter as a "Notice pursuant to §101.101 of Texas Civil Practice and Remedies Code." CR at 22; Apdx. Exh. A.

Plaintiffs' notice letter explicitly states that City Defendants Castaneda, Ditto, and Pembleton are police officers and that they were at all times operating in the course and scope of their employment as police officers. CR at 22-23. Furthermore, there is no question as to the Plaintiffs intent to hold the City of Weslaco responsible for the alleged actions as the letter goes on to state, "In addition, my client(s) have instructed me to proceed with a civil lawsuit against the City of Weslaco." CR at 23

Lastly, and even more clearly establishing that each of the APPELLANTS was in the course and scope of their duties with the City for the alleged actions taken as referenced by the Plaintiffs in Plaintiffs' lawsuit, APPELLANTS attached competent evidence that with regard to all of their actions taken in regards to the investigation and arrest of Plaintiff Jessy Campos or as pled by Plaintiffs, each of the individual Defendant officers was acting in the course and scope of their duties with the City of Weslaco police department and engaged in no wrongdoing in performing their duties as police officers. CR at 53.

It is well known that in 2003 the Texas Tort Claims Act underwent substantial revisions particularly to §101.106's Election of Remedies. *See* §101.106, Tex. Civ. Prac. & Rem. Code and *Franka v. Velasquez*, 332 S.W.3d 367, 384 (Tex. 2011). Under these amendments, once the defendant employee files a motion under subsection (f), the plaintiff must either "dispute that [the employee] acted in his official capacity" or "implicitly concede[ ] that he had sued [the employee] in his official capacity only." *Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015) citing *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 360 (Tex. 2013).

APPELLANTS first invoked their right to dismissal under §101.106(f) in their Rule 91a Motion to Dismiss and then again in their Jurisdictional Plea. While Plaintiffs filed a response to City Defendants' Rule 91a Motion to Dismiss they failed to respond at all to the Jurisdictional Plea.

The Response that Plaintiffs did file relied solely on the fact that they did not literally use the term "official capacity" and did not specifically name the City of Weslaco as a party in their petition. CR at 25-28, and 30-31. Plaintiffs then followed this argument by asserting that "a plaintiff can choose whom he will sue and what causes of action he will assert." CR at 25. This singular argument did not however, address §101.106(f) or in any way dispute that the APPELLANTS alleged actions were made in their official capacity. CR at 25-28, and 30-31. Instead, Plaintiffs position appears to be that even though they are admittedly claiming damages from the alleged actions of APPELLANTS taken in the course and scope of their employment, Plaintiffs should be allowed to plead those claims against the officers in their individual capacity.

While it is true that a plaintiff does have some control over their pleadings, that control does not extend to simply ignoring key material facts bearing on the application of the Tort Claims Act and issues of immunity. Here, Plaintiffs seek to deal with statues like §101.106(f), which is specifically designed to protect public employees when they are sued for activity that falls within the course and scope of their employment, by simply ignoring it.

One of the primary purposes of the Texas Tort Claims Act, and §101.106 in particular, is to protect governmental employees acting in the scope of employment. *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d at 357. Specifically, with regard to §101.106(f), the court has stated, "In enacting subsection (f), the Legislature "foreclose[d] suit [under the TTCA] against a government employee in his individual capacity if he was acting within the scope of employment." *Id.* This is especially true in cases involving police officers.

The applicability of subsection (a) versus subsection (f) of §101.106 turns on whether the suit is considered to be against the officers in their individual or official capacities. This requires a court to make a determination as to 1) whether the alleged conduct was within or without the scope of the officers' employment. *Alexander*, 435 S.W.3d at 791. The Texas Tort Claims Act defines the term "scope of employment" as the performance for a governmental unit of the duties of an employees' office or employment and includes being in or about the performance of a task lawfully assigned to an employee by a competent authority. *Id.* The Restatement (Third) of Agency provides additional clarity by defining the term negatively: an employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer. *Id.*

Thus, as defined by the Texas Supreme Court, and with the factual pleadings submitted by the Plaintiffs, Notice of Claims letter and the affidavit of Ted Walenskey, there is no dispute that Plaintiffs' suit is based on conduct within the general scope of each of the individual Defendants' employment with the City.

In the instant case, Plaintiffs attempt to plead around well-established immunity laws and sue APPELLANTS in their individual capacity for actions that were performed in the course and scope of their employment as City of Weslaco Police Officers, and Plaintiffs make no argument to the contrary. Because APPELLANTS properly invoked their right to dismissal under §101.106(f) and

Plaintiffs did not *dispute* that APPELLANTS acted in their official capacity APPELLANTS must be dismissed individually.

**B. Because the Trial Court Erred in Not Considering the Appellants' Unchallenged Evidence the Court Erred in Denying Appellants' Jurisdictional Plea and As Such the Claims Against Appellants Should Be Dismissed In Their Entirety.**

A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Additionally, a court is to look at the allegations in the petition and accept those allegations as true, unless the defendant establishes that either: (1) that the plaintiff's pleadings, taken as true, affirmatively establish that the trial court lacks subject matter jurisdiction over the suit; or, (2) that the plaintiff pled fraudulently or in bad faith with the purpose of conferring jurisdiction, where under the true facts of the case the trial court would not have jurisdiction. *Denton County v. Howard*, 22 S.W.3d 113, 117-18 (Tex. App.-Fort Worth 2000).

A Court may also consider evidence that the Plaintiff pled fraudulently or in bad faith with the purpose of conferring jurisdiction, where under the true facts of the case, the trial court would not have jurisdiction. *Bland*, 34 S.W.3d at 555. If a plea to the jurisdiction challenges the existence of jurisdictional facts, a court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised even when those facts may implicate the merits of the cause of action. *City of Waco v. Kirwah*, 298 S.W.3d 618, 622 (Tex.2009). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.*

APPELLANTS attached a §101.101 Notice Letter and an Affidavit signed by former Interim Weslaco Police Chief Ted Walensky to their Jurisdictional Plea. CR at 50 and 53. Plaintiffs failed to file any response whatsoever to the APPELLANTS' attached evidence or the Plea itself. Despite this, the trial court denied

APPELLANTS' Jurisdictional Plea in its entirety and stated that it "chose not to consider any evidence presented." The trial court's order also makes a determination that the APPELLANTS "had only been sued in their individual capacity and not in their official capacity." *See Supplemental CR at 4.*

The trial court erred in both not considering the attached evidence and in denying the APPELLANTS' Plea. Plaintiffs' notice letter shows unequivocally that Plaintiffs had knowledge of the jurisdictional requirements involved with filing suit against a governmental entity and its employees and that they purposefully pled claims against the APPELLANTS whom they knew to be operating in the course and scope of their employment. However, they now argue that they should be allowed to proceed against the APPELLANTS individually. It is frivolous for the Plaintiffs to proceed with this argument as they have already stated that the officers were operating both in their official capacity and in the course and scope of their employment. CR at 50. Furthermore, the APPELLANTS official employment as police officers, and their alleged actions while taken in the course and scope of their employment, make the very basis of the Plaintiffs' entire case.

Notwithstanding, Plaintiffs' Petition on its own contains enough information to dismiss the APPELLANTS. Plaintiffs' notice letter and the affidavit however, forever puts any argument to the contrary at rest. As such the trial court erred in not considering APPELLANTS unchallenged evidence and the claims against the APPELLANTS should be dismissed in their entirety.

### C. Appellants Are Immune From Plaintiffs' Intentional Tort Claims.

All of Plaintiffs' claims against APPELLANTS are either intentional torts or derivatives thereof. See Plaintiffs First Amended Petition. As a governmental entity, the employing municipality remains immune from any and all intentional torts. §101.057(2), Tex. Civ. Prac. & Rem. Code specifically states:

"This chapter does not apply to a claim:

(2) arising out of assault, battery, false imprisonment, or any other intentional tort."

§101.057(2), Tex. Civ. Prac. & Rem. Code.

In other words, immunity cannot be waived for intentional torts under any circumstance. "The TTCA does not, however, waive immunity for intentional torts." *Paz v. Weir*, 137 F.Supp.2d 782 (2001). "The plaintiff's claims fail for another reason. Most of the plaintiff's allegations are for intentional torts—false arrest, malicious prosecution, defamation. The Tort Claims Act does not waive immunity for intentional torts of the City." *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App. 1995). "Claims of false imprisonment, false arrest, trespass, coercion, and abuse of process and authority are intentional torts for which a governmental entity is immune." *Sampson v. Texas Dep't of Pub. Safety*, No. 09-12-00537-CV, 2013 WL 3488255, at *1 (Tex. App. July 11, 2013) Civil conspiracy is a common law intentional tort. *Fontenot v. Stinson*, 369 S.W.3d 268, 274 (Tex. App. 2011) aff'd on other grounds, 435 S.W.3d 793 (Tex. 2014).

Additionally, Plaintiffs attempts to bring a separate cause of action for loss of consortium on behalf of Plaintiff Judith Campos stemming from the arrest of Jessy Campos. See Plaintiffs' First Amended Petition. APPELLANTS are immune from such a claim as the claim itself is a derivative of the alleged intentional torts. Texas courts have specifically stated that loss of consortium is not a stand-alone tort under the TTCA. "We hold that Martin Rosenzweig's claims for loss of companionship and consortium, mental anguish, and loss of household services are derivative of the injuries sustained by his wife and do not constitute additional "bodily injury" under the Tort Claims Act." *Rosenzweig v. Dallas Area Rapid Transit*, 841 S.W.2d 897, 898 (Tex. App. 1992), writ denied (Mar. 3, 1993). "A loss of consortium claim is derivative of the other spouse's personal injury." *Sullivan v. Aransas Cnty. Navigation Dist.*, No. 13-10-00135-CV, 2011 WL 61846, at *6 (Tex. App. Jan. 6, 2011).

In the instant case, Plaintiffs' entire petition centers on the alleged improper arrest of Jessy Campos. It is from that arrest that Plaintiffs formally complain of *loss of consortium*, *malicious prosecution*, *abuse of process*, and *civil conspiracy*

all of which are intentional torts or a derivative of an intentional tort. As confirmed above, Texas law has stated clearly and unambiguously that governmental immunity is not waived for intentional torts. Furthermore, Plaintiff Judith Campos' claim for loss of consortium and the like do not waive governmental immunity as those claims are derivative of Plaintiff Jessy Campos' intentional tort claims.

### D. Plaintiffs Cannot Now Amend Their Suit Against the Employer, the City Of Weslaco, and As Such All Claims Against Appellants Must Be Dismissed With Prejudice.

APPELLANTS first invoked their right to dismissal under §101.106(f) when they filed their Rule 91a Motion to Dismiss back in April, 2015. The 30 day deadline for Plaintiffs to amend their pleadings under §101.106(f) have long since run and Plaintiffs are now as a matter of law unable to bring any claims regarding the same subject matter against the City of Weslaco. See *Huntsville Independent Sch. Dist. v. Briggs*, 262 S.W.3d 390, 395 (Tex. App. 2008) (Plaintiff's failure to timely amend pleadings to substitute governmental entity for employee forever barred Plaintiff from filing any suit against the entity regarding the same subject matter).

As such, Plaintiffs' claims against APPELLANTS should be dismissed with prejudice.

**Issue Presented #2: The Trial Court Erred in Denying the City Defendant's Rule 91a Motion to Dismiss Because Individually Named Defendants Brooks Ditto, Billy Pembleton, and Karina Castaneda Were Sued for Actions Taken Within the Course and Scope of Their Employment as Weslaco Police Officers and Thus Immune From Suit.**

APPELLANTS herein incorporate by reference all of the foregoing points of authority and arguments.

### A. Plaintiffs' Claims against Appellants Have No Basis In Law Because the Court Lacks Subject Matter Jurisdiction Under TTCA §101.106(f).

Looking solely at the Plaintiffs' live petition, it is apparent that that Plaintiffs seek to hold individually named APPELLANTS liable for their actions that these defendants can only have taken while cloaked with a commission as Weslaco

police officers. This is evidenced by Plaintiffs' statements: "Karina Castaneda used her position as *a police officer with the Weslaco police department*," and, "Brooks Ditto, Billy Pembleton…cooperated with Defendant Karina Castaneda and assisted in falsely prosecuting and falsely arresting Plaintiff Jessy Campos." CR at 6, *(emphasis added).* Further, Plaintiffs bring actions for malicious prosecution, abuse of process, and civil conspiracy relating to the arrest and attempted prosecution of Jessy Campos, charges which confirm the course and scope nature of the claims brought against the APPELLANTS. CR at 6-7; Apdx, Exh. B.

APPELLANTS filed their §101.106(f) Motion to Dismiss in conjunction with their Rule 91a Motion to Dismiss, asserting that APPELLANTS were sued for actions in the course and scope of their employment as police officers and therefore Plaintiffs' claims were required to be directed against the employer, the City of Weslaco, instead. CR at 16.

Under Statutory and Supreme Court law, Plaintiffs were then required to dispute that the APPELLANTS' alleged actions were made in their official capacity or implicitly concede that suit was being brought in official capacity only and substitute the City of Weslaco for the individually named APPELLANTS. *Molina,* 463 S.W.3d at 871. Plaintiffs did neither and instead chose to argue that the literal language of their pleading should control, regardless of the existence of material facts, and regardless of applicable immunity precepts.

It is well established that filing suit against the government or government employees operating in the course and scope of their employment pose irrevocable consequences to a plaintiff if not pled correctly. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). "A plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015).

The courts however, acknowledge that there may be circumstances where a plaintiff may not know at the outset if the employees were in the course and

scope of their employment. *Texas Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 359 (Tex. 2013). But these circumstances do not include situations like the instant case where the plaintiff already has factual knowledge of the Defendants' official positions with the City of Weslaco:

> "But a central goal of the TTCA as a whole is to allow certain types of suits against the government; as noted above, the current version of §101.106 became necessary because plaintiffs began suing government employees as individuals to avoid the TTCA's limitations."

*Ngakoue*, 408 S.W.3d at 359 (*emphasis added*).

Here, Plaintiffs' case depends on the APPELLANTS' employment as police officers for the City of Weslaco and Plaintiffs have not and cannot argue to the contrary. Furthermore, Plaintiffs' Petition makes this fact abundantly clear and any attempt by the Plaintiffs to continue individual capacity claims against the APPELLANTS based on the facts already known to the Plaintiffs, constitutes a clear intention to circumnavigate the immunity laws under the TTCA.

For all of these foregoing reasons, the Plaintiffs' claims against APPELLANTS in their entirety should be dismissed for lack of subject matter jurisdiction.

### B. Plaintiffs' §101.101 Notice Letter Is A Condition Precedent to a Tort Claim Against Appellants' Municipal Employer, the City of Weslaco. Therefore the Notice Letter Qualifies as an Exhibit Under Rule 91a and Rule 59.

Pursuant to Rule 91a APPELLANTS may attach pleading exhibits permitted under Rule 59 of the TRCP.

> "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, *together with any pleading exhibits permitted by Rule 59.*"

Tex. R. Civ. P. 91a.6 (emphasis added).

Additionally, although an exhibit may be attached to the pleadings by the Plaintiff it can also be attached by the Defendants:

"Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, *or the matter set up in defense*, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such."

TRCP 59 (emphasis added).

As previously stated, notice provided under §101.101 of the Tex. Civ. Prac. & Rem. Code is a jurisdictional requirement to filing a suit against a governmental entity. *Univ. of Texas Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel. Vasquez-Arancibia*, 324 S.W.3d 544, 546, 548 (Tex. 2010).

Texas courts have specifically allowed exhibits to the pleadings in cases involving notice issues under the Texas Tort Claims Act. *See City of Celina v. Blair*, 171 S.W.3d 608 (Tex. App. 2005) (Police reports for a motorcycle accident became part of the pleadings for purposes of establishing notice under CPRC §101.101). And the Court can take judicial notice of this fact as well. See Tex. R. Evid. 201.

Here, the Plaintiffs sent their notice letter with the express purpose of notifying their intent to sue the City of Weslaco for the alleged official actions of the APPELLANTS. CR at 22. The tort claims notice letter demonstrates that Plaintiffs themselves were treating APPELLANTS as working within the course and scope of their employment as law enforcement personnel. Plaintiffs' subsequent petition confirms this position. CR at 22.

However, because the law enforcement conduct of the APPELLANTS does not otherwise fall within one or more of the exceptions to government immunity, Plaintiffs pleading necessarily failed as a matter of law. The only action available to the Court under Rule 91a was to dismiss the lawsuit for failure to state a cognizable claim for relief.

APPELLANTS respectfully point out, that under the specific provisions of Rule 91a, TRCP, the trial court must rule on such a motion within 45 days of when the motion is filed. This the trial court did not do, in spite of APPELLANTS efforts to get the trial court to do so. *See 91a.3(c), TRCP*.

Because Rule 91a does not specify a remedy for the trial court's failure to abide by this provision, APPELLANTS then filed an independent plea to the jurisdiction essentially addressing the same point, albeit in a different fashion, in an effort to get the trial court to consider the address the essential irregularities of Plaintiffs' pleading efforts.

## PRAYER FOR RELIEF

THEREFORE, based on any one or more of the reasons outlined above, APPELLANTS, BROOKS DITTO, BILLY PEMBLETON and KARINA CASTANEDA, Individually and Officially, do hereby REQUEST AND PRAY that this Honorable Court REVERSE the trial court's orders denying not only the Jurisdictional Plea filed by APPELLANTS, but REVERSE the denial of the Rule 91a Motion to Dismiss as well, and also RENDER a Final Judgment of dismissal of Plaintiffs claims and purported causes of action for lack of subject matter jurisdiction.

APPELLANTS also REQUEST and PRAY for any further and additional relief to which APPELLANTS are entitled, at law or in equity, as applicable.

SIGNED this 16th day of DECEMBER, 2015.

Respectfully Submitted,

**DENTON NAVARRO ROCHA BERNAL
HYDE & ZECH
A Professional Corporation**
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: /s/ Ricardo J. Navarro

RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
Email: rjnavarro@rampage-rgv.com

By: /s/ John-Michael Hayward

JOHN-MICHAEL HAYWARD
State Bar No. 24087693
Email: jmhayward@rampage-rgv.com
**COUNSEL FOR APPELLANTS
BROOKS DITTO, BILLY PEMBLETON
AND KARINA CASTANEDA,
Individually and Officially**

## CERTIFICATE OF COMPLIANCE

Undersigned counsel for the Defendants / Appellants, Brooks Ditto, Billy Pembleton and Karina Castaneda hereby certifies that this Brief complies with Texas Rule of Appellate Procedure 9.4 and contains approximately 8,050 words, inclusive of everything in the Brief.

/s/ Ricardo J. Navarro

RICARDO J. NAVARRO
JOHN-MICHAEL HAYWARD

## CERTIFICATE OF SERVICE

Pursuant to TRAP 9.5, I certify that a true copy of this document has been sent served in accordance with one or more of the methods of service recognized by the Texas Rules of Appellate Procedure to the counsel or the parties identified below on the 16th day of DECEMBER, 2015.

Mr. George Durham
Attorney At Law
517 W. Nolana, Ste. 6
McAllen, Texas 78501
**Counsel for Appellees**

/s/ Ricardo J. Navarro

RICARDO J. NAVARRO
JOHN-MICHAEL HAYWARD

NO. 13-15-00517-CV
NO. 13-15-00523-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT EDINBURG, TEXAS
_____

BROOKS DITTO, BILLY PEMBLETON AND KARINA CASTANEDA
Individually and Officially
Appellants

VS.

JUDITH CAMPOS AND JESSY CAMPOS
Appellees
_____

Interlocutory Appellate Proceeding from the
County Court At Law No. 1 - Hidalgo County, Texas

_____

APPENDIX TO APPELLANTS AMENDED BRIEF
_____

RICARDO J. NAVARRO
JOHN-MICHAEL HAYWARD
**DENTON, NAVARRO, ROCHA
   BERNAL, HYDE & ZECH, P.C.**
701 E. Harrison St., Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

**COUNSEL FOR APPELLANTS
BROOKS DITTO, BILLY PEMBLETON
AND KARINA CASTANEDA,
Individually and Officially**

**APPENDIX INDEX**

A.      Tort Claims Act Notice Pursuant to §101.101 of Texas Civil Practice and Remedies Code dated October 1, 2014 and directed to City of Weslaco Mayor David Suarez (CR @ pp. 50-51).

B.      Plaintiffs First Amended Petition (CR @ 4 – 8).

C.      Affidavit of Ted Walensky, appended to Appellants Jurisdictional Plea (CR @ 53)

# APPENDIX "A"





October 1, 2014

_**Via Certified Mail 7007 0710 0004 1617 3116**_
_**Mayor David Suarez**_
_**Office of the Mayor**_
_**255 S. Kansas Ave.**_
_**Weslaco, Texas 78596**_

_**Re:**_   _**Notice pursuant to Section 101.101 of Texas Civil Practice and Remedies Code**_

Mayor David Suarez,

This firm represents Jessy Campos, DOB 9/15/78. Pursuant to Section 101.101 of the Texas Civil Practice and Remedies Code, this correspondence is to give you notice of a claim:

On August 27, 2014, Karina Castaneda, an officer with Weslaco Police Department, used her position in that department to file a criminal complaint against Jessy Campos, father of her child Tristan Campos, under 16.02 of the Texas Penal Code.

Jessy Campos was previously employed with the McAllen Police Department, but has since applied with the Hidalgo County Sheriff's Department. Ms. Castaneda and Mr. Campos were in a relationship, and had a son together. There has been an ongoing custody dispute between the two parties in the 398th District Court of Hidalgo County, Texas.

As is normal course during litigation, Mr. Campos hired a private investigator to determine if his son Tristan Campos was facing physical, emotional, and sexual abuse at the hands of Ms. Castaneda, or by any other individual in Ms. Castaneda's household. In accordance with Texas law, a small USB audio recorder was placed on the child before he was to visit Ms. Castaneda. Jessy Campos, under Texas law, gave vicarious consent for his son to have the USB audio recorder placed on his person. Relatives of Ms. Castaneda found the device on the child in Pharr, Texas, and notified Ms. Castaneda of its existence.

Ms. Castaneda, instead of attempting to file a complaint with the Pharr Police Department, where she knew/knows her complaint would have been rejected, went directly to her own police department and filed said complaint. Without an investigation, and at the behest of Officer Karina Castaneda, a warrant was issued and my client was arrested by Weslaco Police Department. Ms. Castaneda used her title, under the color of law, with the Weslaco Police Department to pursue this frivolous, nonsensical, **criminal** complaint against Jessy Campos. Mr. Campos has since been arrested and jailed, and is no

**H.K.C. LAW**
517 W. NOLANA AVE., SUITE 7 MCALLEN, TEXAS 78504
TEL: (956) 212-1601 | FAX: 1-(956) 524-5153 | HKCLAW1@GMAIL.COM

50



longer a candidate to work for the Sheriff's department. His reputation has also been severely damaged as result of Ms. Castaneda's illegal actions.

Ms. Castaneda's actions are not isolated. Several previous complaints of child abuse have been filed by Jessy Campos against Ms. Castaneda with the Weslaco Police Department. Each time a complaint is filed, it is subsequently ignored by various Weslaco Police officers, including Investigator Billy Pembleton and Sergeant Brooks Ditto. These are the two individuals who assisted Ms. Castaneda carry out this miscarriage of justice. Through their actions, Officers Pembleton, Ditto, and Castaneda have not only caused harm to Jessy Campos, but by ignoring valid claims of child abuse, have intentionally caused severe emotional and physical damage to Tristan Campos, an innocent four year old boy.

Not only has Ms. Castaneda violated federal law by using her position, under the color of law, to the disadvantage of others, she has besmirched the already tainted reputation of Weslaco Police Department with her actions. Again, Jessy Campos' actions were not against the law and are protected under well known exceptions to Texas Penal Code 16.02.

Federal authorities have already been notified of the actions of Karina Castaneda and the Weslaco Police Department. In addition, my client(s) have instructed me to proceed with a civil lawsuit against the City of Weslaco. I formally request the City of Weslaco to instruct the Weslaco Police Department to abandon their illegal prosecution of Jessy Campos and to place Weslaco Police Officer Karina Castaneda in a position within the Department where she is unable to use her position to seek her own personal gain.

Sincerely,

**HKC Law**

Hitesh K. Chugani, Attorney at Law

**H.K.C. LAW**
517 W. NOLANA AVE., SUITE 7 MCALLEN, TEXAS 78504
TEL: (956) 212-1601 | FAX: 1-(956) 524-5153 | HKCLAW1@GMAIL.COM

51

# APPENDIX "B"

Accepted by: Ester Espinoza

Electronically Submitted
3/26/2015 12:07:17 PM
Hidalgo County Clerks Office

CAUSE NO. CL-15-0914-A

| | | |
|---|---|---|
| JUDITH CAMPOS AND JESSY CAMPOS | § | IN THE COUNTY COURT OF LAW |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | NO. <u>1</u> |
| | § | |
| SEASHELL GERMAINE, BROOKS | § | |
| DITTO, BILLY PEMBLETON, | § | |
| KARINA CASTANEDA AND DANNY | § | |
| ELIZONDO | § | |
| | § | |
| | § | |
| *Defendants*. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JUDITH CAMPOS and JESSY CAMPOS, Plaintiff in the above styled and numbered cause, and files this their PLAINTIFFS' ORIGINAL PETITION, complaining of SEASHELL GERMAINE, BROOKS DITTO, BILLY PEMBLETON, KARINA CASTANEDA, AND DANNY ELIZONDO, and for cause of action would respectfully show unto the Court as follows:

### I.PARTIES

1. Plaintiffs are residents of Hidalgo County, Texas.

2. Defendant SEASHELL GERMAINE is a resident of Hidalgo County, Texas, who may be served at the following address: 1016 Nora Drive, Edinburg, Texas 78532 or 1 S Cage Blvd. Pharr, Texas 78577.

3. Defendant BROOKS DITTO is a resident of Hidalgo County, Texas, who may be served at his employer's following address: 901 North Airport Drive, Weslaco, Hidalgo County, Texas 78596.

4

1

4.    Defendant BILLY PEMBLETON is a resident of Hidalgo County, Texas, who may be served at his employer's following address:  901 North Airport Drive, Weslaco, Hidalgo County, Texas 78596.

5.    Defendant KARINA CASTANEDA is a resident of Hidalgo County, Texas, who may be served at the following address: 1110 Valley View Dr. Apt. #D or her employers location at 901 North Airport Drive, Weslaco, Hidalgo County, Texas 78596.

6. Defendant DANNY ELIZONDO is a resident of Hidalgo County, Texas, who may be served at the following address: 1011 Valley View Dr. Weslaco, Texas 78596.

## II. JURISDICTION AND VENUE

7.    This Court possesses jurisdiction because the amount in controversy is within the jurisdictional limits of this Court.

8.    Venue is proper in Hidalgo County because Plaintiff's cause of action or a part thereof accrued in Hidalgo County.

9.    Plaintiff seeks monetary relief over $100,000 but not more than $200,000, non monetary relief, and a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

## III. UNDERLYING FACTS

10.   Plaintiff Judith Campos is the step-mother of the child. Plaintiff Jessy Campos and Defendant Karina Castaneda are the parents of a child.

11.   Every time the child was in the custody of Defendant Karina Castaneda, he was injured.  Furthermore, Plaintiffs believed that Defendant Karina Castaneda

5

Electronically Submitted
3/26/2015 12:07:17 PM
Hidalgo County Clerks Office

and/or others were abusing the child. As a result, Plaintiffs placed a recording device into the child's shoe. Such device is expressly authorized by law.

12. Defendant Seashell Germaine found the device in Pharr, Texas and informed Defendant Karina Castaneda of the existence of the device. Although any criminal complaint was required to be filed in Pharr, Texas where the offense occurred, Defendant Karina Castaneda used her position as a police officer with the Weslaco police department and had Weslaco police department file charges against and obtain the arrest of Plaintiff Judith Campos' husband, Plaintiff Jessy Campos.

13. Defendants Seashell Germaine, Brooks Ditto, Billy Pembleton and Danny Elizondo cooperated with Defendant Karina Castaneda and assisted in falsely prosecuting and falsely arresting Plaintiff Jessy Campos.

14. Such arrest was wholly and completely without merit. Defendants Brooks Ditto, Billy Pembleton, and Karina Castaneda especially knew their conduct was malicious but proceeded regardless. The arrest and detention of Plaintiff Jessy Campos was done for unlawful and ulterior purposes.

15. The material was presented to a grand jury. The grand jury no billed Plaintiff, which constitutes a complete vindication.

IV.CAUSES OF ACTION

16. The above and foregoing conduct constitutes loss of consortium as to Plaintiff Judith Campos. Defendants initiated a criminal proceeding in an incorrect jurisdiction, on incorrect grounds, and prosecuted Plaintiff's husband criminally for a legal act, and was able to obtain Plaintiff's husband's arrest. Plaintiff was unable to interact with her husband during the time he was incarcerated and the stress has

6

Electronically Submitted
3/26/2015 12:07:17 PM
Hidalgo County Clerks Office

caused loss of affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity. As a result thereof, Plaintiff Judith Campos was harmed.

17. The above and foregoing conduct constitutes malicious prosecution. Defendant initiated a criminal proceeding in an incorrect jurisdiction, on incorrect grounds, prosecuted Plaintiff Jessy Campos criminally for a legal act, and was able to obtain Plaintiff Jessy Campos arrest. As a result thereof, Plaintiff Jessy Campos and Plaintiff Judith Campos were harmed.

18. The above and foregoing conduct constitutes abuse of process. Defendant had process served on Plaintiff Jessy Campos for an improper and ulterior purpose. As a result thereof, Plaintiffs have been harmed.

## V.DAMAGES

19. As a result of Defendants' conduct, Plaintiff's have suffered and will suffer the following damages:

- a. Pain and suffering in the past;
- b. Pain and suffering in the future;
- c. Mental anguish in the past;
- d. Mental anguish in the future;

Such damages are in an amount of between $100,000 and $200,000.

20. Plaintiffs are entitled to pre-judgment and post-judgment interest at the maximum rate as provided by law.

21. Plaintiffs are entitled to all costs of court.

7

## VI.AFFIRMATIVE PLEAS

22.    The amount in controversy is between $100,000 and $200,000.

23.    This is a Level 2 case.

24.    All conditions precedent have been satisfied and/or excused.

25.    Defendants Seashell Germaine, Brooks Ditto, Billy Pembleton and Danny Elizondo are jointly and severally liable with Defendant Karina Castaneda because they engaged in a civil conspiracy.

25.    All Defendants are jointly and severally liable.

WHEREFORE, PREMISES CONSIDERED, JUDITH CAMPOS AND JESSY CAMPOS, Plaintiff's in the above styled and numbered cause, respectfully prays that Defendants be cited and appear herein, that after trial on the merits, that Defendants be found jointly and severally liable for all actual damages, for pre-judgment and post-judgment interest at the maximum rate as provided by law, for all costs of court, and for all other and further relief, either at law or in equity, to which Plaintiff shows himself justly entitled.

Respectfully Submitted,

GSK LAW, PLLC

____/S/George Durham_____
George Durham
Attorney for Petitioner
State Bar No.: 24082940
517 West Nolana, Ste 6
McAllen, Texas 78504
Tel: 956-900-4187
Fax: 1-956-524-5153

GSKLawfirm@gmail.com

8

5

# APPENDIX "C"

| | | |
|---|---|---|
| JUDITH CAMPOS and | § | IN THE COUNTY COURT |
| JESSY CAMPOS, | § | |
| Plaintiffs | § | |
| | § | |
| VS | § | AT LAW NO. 1 |
| | § | |
| SEASHELL GERMAINE, | § | |
| BROOKS DITTO, | § | |
| BILLY PEMBLETON, | § | |
| KARINA CASTANEDA and | § | |
| DANNY ELIZONDO | § | |
| Defendants | § | HIDALGO COUNTY, TEXAS |

## AFFIDAVIT OF TED WALENSKY

Before me, the undersigned authority, personally appeared Ted Walensky, who, being by me duly sworn, deposed as follows:

"My name is Ted Walensky, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am employed with the City of Weslaco Police Department in the capacity of Assistant Police Chief. I previously served as an Interim Police Chief for the City of Weslaco. I am aware of the allegations made by Judith Campos and Jessy Campos against Weslaco police officers Brooks Ditto, Billy Pembleton, and Karina Castaneda (hereafter "the officers") in Cause No. CL-15-0914-A. This lawsuit alleges facts having to do with the officers' involvement in the arrest of Plaintiff Jessy Campos. In my capacity with the City of Weslaco Police Department, I have personal and record knowledge of the involvement of each of the officers with regard to the arrest of Plaintiff Jessy Campos. First, with regard to all actions taken by each of the named and sued officers as to the investigation of and arrest of Jessy Campos, as alleged in Plaintiffs' lawsuit, the officers were acting wholly and completely within the course and scope of their employment with the City of Weslaco as police officers. With regard to the investigation into and arrest of Plaintiff Jessy Campos, as alleged in Plaintiffs' lawsuit, the officers were acting in furtherance of the performance of their lawful and expected duties for the City of Weslaco and each of their actions comprised part of the duties of these officers as employees of the Weslaco police department. Further, in performing these actions and duties, the officers were performing tasks lawfully assigned to them by the City of Weslaco police department, and they were not undertaking any independent courses of conduct not intended by the City of Weslaco police department.

Furthermore, the officers' actions in regards to the Plaintiffs and in particular the investigation into and arrest of Plaintiff Jessy Campos were appropriate law enforcement methods and actions."

Further affiant sayeth not.

TED WALENSKY
ASSISTANT POLICE CHIEF
WESLACO TEXAS

SWORN TO AND SUBSCRIBED before me on the _08_ day of October, 2015.

JENNIFER LEE VILCHES
Notary Public, State of Texas
My Commission Expires
OCTOBER 20, 2018

Notary Public, State of Texas

Notary's printed name:

Jennifer Vilches

My commission expires:

Oct. 20, 2018

53